IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
2005 MAR 29 P 4: 26

| | |
|---|---|
| LAUREN BROWNING, | ) |
| Plaintiff, | ) |
| VS. | ) CIVIL ACTION NO. SA05CA0245 XR |
| SOUTHWEST RESEARCH INSTITUTE, | ) |
| Defendant. | ) |

## PLAINTIFF'S ORIGINAL COMPLAINT

(1) Plaintiff by her attorneys, Gaul and Dumont, complaining of Defendant, alleges:

### I.
### PRELIMINARY STATEMENT

(2) This lawsuit, brought by Plaintiff Lauren Browning, Ph.D. ("Browning"), charges Southwest Research Institute ("SwRI") with discrimination on the basis of sex for denying Browning equal pay and promotional opportunities throughout her employment. Browning, who has a Ph.D. in Geosciences, was employed as a Research Scientist in SwRI's Center for Nuclear Waste and Regulatory Analyses for over five years and had over nine years of post-doctoral research experience when she resigned in May 2004.

(3) Plaintiff Browning contends that SwRI paid her significantly less than male employees with comparable education and experience. Indeed, the U.S. Department of Labor specifically questioned SwRI about the discrepancy between Browning's low salary

and the higher salaries of her male colleagues. Browning also contends that SwRI refused to promote her, even though her qualifications were similar or superior to male colleagues promoted above her level after working as Research Scientists for a shorter time. When Browning questioned SwRI about the disparities in her pay and advancement opportunities, and requested that SwRI rectify these disparities, SwRI retaliated against her by, among other things, stripping her of her primary job responsibilities.

(4)    Historically, female scientists and engineers have been under-represented at the upper levels of SwRI's Center for Nuclear Waste and Regulatory Analyses. Indeed, during Plaintiff Browning's tenure, no female scientists or engineers occupied ranks above those intended for new or recent graduates with a Masters or Ph.D. As a result, all managerial decisions within the Center for Nuclear Waste and Regulatory Analyses during Browning's tenure, including decisions concerning her salary and rank, were made by an all-male team of managers and directors.

(5)    Plaintiff Browning charges SwRI with unlawful, gender-based employment practices and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and unlawful, gender-based wage differentials and retaliation under the Equal Pay Act of 1963, 29 U.S.C. §§ 206(d) and 215(a)(3). Plaintiff seeks injunctive and declaratory relief, back pay, damages, and other appropriate judicial remedies for Defendant's discriminatory and retaliatory conduct.

## II.
## JURISDICTION AND VENUE

(6) This action is brought to remedy discrimination on the basis of sex in the terms, conditions and privileges of employment and for retaliation for previous protected activity in violation of Title VII.

(7) This action is also brought to remedy discrimination on the basis of sex in the payment of wages, and retaliation for complaining about the unequal payment of wages based on sex, in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.*, as amended by the Equal Pay Act, 29 U.S.C. §§206(d) and 215(a)(3) ("Act").

(8) Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. §2000e-5(f) and (g) and 29 U.S.C. §§216 and 217.

(9) Plaintiff Browning, a female resident of the State of Texas, filed a charge of discrimination against Defendant SwRI with the Equal Employment Opportunity Commission ("EEOC") on or about September 3, 2004, complaining of the acts of sex discrimination and retaliation as alleged herein.

(10) On or about December 29, 2004, the EEOC issued a notice informing Plaintiff of her right to sue Defendant in federal court. The notice was mailed in an envelope postmarked December 30, 2004, and received by Plaintiff on January 3, 2005.

(11) Plaintiff has complied fully with all prerequisites to jurisdiction in this Court. Jurisdiction of the Court is proper under §706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3); 28 U.S.C. §§1331 and 1343(4); and 29 U.S.C. §216.

(12) As the unlawful employment practices complained of herein occurred within the Western District of Texas, venue is proper in this District pursuant to §706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3); 28 U.S.C. §1391(b); and 29 U.S.C. §216.

## III.
## PARTIES

(13) Plaintiff was employed by Defendant from December 7, 1998 until May 21, 2004.

(14) Defendant is an employer within the meaning of 42 U.S.C. §2000e-(b) and 29 U.S.C. §203.

## IV.
## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

(15) During Plaintiff's employment with Defendant (December 7, 1998 through May 21, 2004), Plaintiff's salary was significantly less than male employees of similar qualifications who performed similar duties with Defendant and far below industry standard salaries for Plaintiff's field of expertise, experience and responsibilites.

(16) During Plaintiff's employment with Defendant (December 7, 1998 through May 21, 2004), Plaintiff was denied promotions, despite qualifications similar or superior to some male employees who held a higher rank.

(17) Plaintiff complained about the incidents of discrimination, including unequal pay and failure to promote, and was subjected to retaliation. This retaliation included having her work and credibility with her peers undermined. In January 2004, the main

responsibilities of Plaintiff's position were removed from her authority and, in February 2004, Plaintiff was denied a promotion.

(18) As a direct result of Defendant's discriminatory and retaliatory conduct, Plaintiff resigned on May 21, 2004.

## V.
## FIRST CAUSE OF ACTION

(19) Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 18 of this Complaint with the same force and effect as if set forth herein.

(20) Defendant has discriminated against Plaintiff in the terms, conditions and privileges of her employment on the basis of her sex in violation of Title VII.

(21) Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief. As a result of the acts of discrimination, Plaintiff suffered emotional harm and harm to her reputation.

(22) Defendant's acts of discrimination were performed with malice, willfulness, and reckless indifference to Plaintiff's protected civil rights.

## VI.
## SECOND CAUSE OF ACTION

(23) Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 22 of this Complaint with the same force and effect as if set forth herein.

(24)   Defendant has retaliated against Plaintiff on the basis of her previous protected activity in violation of Title VII.

(25)   Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory practices unless and until this Court grants relief. As a result of the acts of retaliation, Plaintiff suffered emotional harm and harm to her reputation.

(26)   Defendant's acts of retaliation were performed with malice, willfulness, and reckless indifference to Plaintiff's protected civil rights.

## VII.
## THIRD CAUSE OF ACTION

(27)   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 26 of this Complaint with the same force and effect as if set forth herein.

(28)   Defendant, the former employer of Plaintiff, who is an employee subject to the provisions of Section 6 of the Act, did, during the period of Plaintiff's employment, repeatedly and willfully violate Section 6(d) of the Act, discriminating between employees on the basis of sex by paying wages to Plaintiff at a rate less than the rate at which it paid wages to male employees in the same establishment for equal work on jobs the performance of which required equal skill, effort and responsibility, and which were performed under similar working conditions.

(29)   Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this

Court grants relief. As a result of the acts of discrimination, Plaintiff suffered emotional harm and harm to her reputation.

(30)   Defendant's acts of discrimination were performed with malice, willfulness, and reckless indifference to Plaintiff's protected civil rights.

## VIII.
## FOURTH CAUSE OF ACTION

(31)   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 30 of this Complaint with the same force and effect as if set forth herein.

(32)   Defendant has retaliated against Plaintiff on the basis of her complaining about violations of the Act.

(33)   Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory practices unless and until this Court grants relief. As a result of the acts of retaliation, Plaintiff suffered emotional harm and harm to her reputation.

(34)   Defendant's acts of retaliation were performed with malice, willfulness, and reckless indifference to Plaintiff's protected civil rights.

## IX.
## PRAYER FOR RELIEF

(35) WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

(a) Declaring that the acts and practices complained of herein are in violation of Title VII and the Act.

(b) Enjoining and permanently restraining these violations of Title VII and the Act.

(c) Directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities.

(d) Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory and retaliatory treatment of her and make her whole for all earnings she would have received but for Defendant's discriminatory and retaliatory treatment, including, but not limited to, wages, pension, and other lost benefits.

(e) Awarding Plaintiff compensatory and/or punitive damages in the amount of $300,000.00.

(f) Awarding Plaintiff liquidated damages pursuant to Section 16(b) and Section 6(d)(3) of the Act.

(g) Awarding Plaintiff the costs of action together with reasonable attorneys' fees as provided by §706(k) of Title VII, 42 U.S.C. §2000e-5(k) and 29 U.S.C. §216.

(h) Granting such other and further relief as this Court deems necessary and proper.

# X.
# DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

LAW OFFICES OF
GAUL AND DUMONT
105 South St. Mary's, Ste. 950
San Antonio, Texas 78205
(210) 225-0685
(210) 271-9557 - Fax

By: *Malinda Gaul*
MALINDA A. GAUL
State Bar #08239800
Attorney for Plaintiff