

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LAUREN BROWNING,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | CAUSE NO. SA-05-CA-0245-XR |
| | § | |
| SOUTHWEST RESEARCH INSTITUTE<br>    Defendant. | §<br>§<br>§ | |

## DEFENDANT'S ORIGINAL ANSWER

COME NOW Defendant Southwest Research Institute ("SwRI") and files this its Original Answer and respectfully shows the Court as follows:

### I. DEFENSES AND AFFIRMATIVE DEFENSES

1.    Plaintiff has failed, in whole or in part, to mitigate her damages, if any.

2.    Plaintiff has failed, in whole or in part, to exhaust her administrative remedies.

3.    Plaintiff has failed to establish the necessary elements for recovery of compensatory, punitive and/or liquidated damages as required by any applicable statute or theory of recovery.

4.    Defendant exercised reasonable care to prevent and correct promptly any allegedly harassing or improper behavior.

5.    Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or otherwise to avoid the harm.

6.    Defendant denies that Plaintiff was subjected to discriminatory treatment on the basis of her sex or in reprisal or retaliation for a complaint, if any, of discriminatory treatment.

7. Plaintiff is not entitled to recover punitive, exemplary or liquidated damages. The complaint, to the extent it seeks punitive, exemplary or liquidated damages, violates the rights of Defendant to procedural due process under the Fourteenth Amendment of the United States Constitution, and therefore fails to state a claim upon which punitive or exemplary damages may be awarded.

8. Plaintiff is not entitled to recover punitive, exemplary or liquidated damages. The complaint, to the extent it seeks punitive, exemplary or liquidated damages, violates the rights of Defendant to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution, and violates the rights of Defendant to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution, and therefore fails to state a claim upon which punitive or exemplary damages may be awarded.

9. Plaintiff is not entitled to recover compensatory or punitive damages. To the extent that Plaintiff seeks such damages, any amount of recovery is capped by the Civil Rights Act of 1991, 42 U.S.C. §1981a.

10. Defendant's actions were based on reasonable factors other than sex which were legitimate non-discriminatory reasons.

11. Defendant's actions were based on reasonable factors other than sex, including differing skill, effort, responsibility and/or working conditions.

12. Defendant's actions were based on a merit system, a system which measures earnings by quantity or quality of production, and/or other factors other than sex.

13. Defendant reserves the right to assert any and all additional affirmative defenses that may be determined during the course of discovery.

## II. ANSWER

1. Answering the allegations in paragraph (1) of Plaintiff's Original Complaint, Defendant acknowledges the averments contained therein but denies any wrongdoing.

2. Answering the allegations in paragraph (2) of Plaintiff's Original Complaint, Defendant denies Plaintiff's averments of discriminatory treatment, denial of equal pay and denial of promotional opportunity by Defendant based on sex. Defendant further admits that Plaintiff has a Ph.D. in Geosciences and was employed at Defendant's Center for Nuclear Waste and Regulatory Analyses for over five years. Defendant can neither admit or deny the scope of Plaintiff's post-doctoral research experience when she resigned her employment with Defendant in May 2004.

3. Defendant denies, in their entirety, the allegations contained in paragraph (3) of Plaintiff's Original Complaint.

4. Defendant denies, in their entirety, the allegations contained in the first and second sentences of paragraph (4) of Plaintiff's Original Complaint. As regards the third sentence of paragraph (4) of Plaintiff's Original Complaint, Defendant admits that during the period of Plaintiff's employment, the managers and directors, those persons responsible for salary and promotion decisions, for the Center for Nuclear Waste and Regulatory Analyses were male. Defendant denies any implications or inferences of discriminatory treatment contained in paragraph (4).

5. Answering the allegations contained in paragraph (5) of Plaintiff's Original Complaint, Defendant admits that Plaintiff purports to bring the subject action under the auspices of Title VII of the Civil Rights Act of 1964, 42, U.S.C. §2000e, and the Equal Pay Act of 1963, 29 U.S.C. §206(d) and 215(a)(3). Defendant, however, denies that such action is properly brought

or that Plaintiff is entitled to any relief. Defendant further denies any allegation or inference of unlawful conduct by Defendant as may be contained in the remainder of paragraph (5).

6. Answering the allegations contained in paragraph (6) of Plaintiff's Original Complaint, Defendant admits that Plaintiff purports to bring the subject action under the auspices of Title VII of the Civil Rights Act of 1964, 42, U.S.C. §2000e. Defendant, however, denies that such action is properly brought or that Plaintiff is entitled to any relief. Defendant further denies any allegation or inference of unlawful conduct by Defendant as may be contained in paragraph (6).

7. Answering the allegations contained in paragraph (7) of Plaintiff's Original Complaint, Defendant admits that Plaintiff purports to bring the subject action under the auspices of the fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq* and the Equal Pay Act, 29 U.S.C. §206(d) and 215(a)(3). Defendant, however, denies that such action is properly brought or that Plaintiff is entitled to any relief. Defendant further denies any allegation or inference of unlawful conduct by Defendant as may be contained in paragraph (7).

8. Defendant denies that Plaintiff is entitled to any of the relief, equitable or legal, sought by Plaintiff as alleged in paragraph (8) of Plaintiff's Original Complaint.

9. Answering the allegations contained in paragraph (9) of Plaintiff's Original Complaint, Defendant admits that Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission on or about September 3, 2004 and, therein, identified sex and other/Equal Pay Act as the basis for Plaintiff's charge of discrimination. Defendant denies any remaining allegation of paragraph (9) and further denies any wrongdoing as alleged therein.

10. Answering the allegations contained in paragraph (10) of Plaintiff's Original Complaint,

Defendant admits, on information and belief, the averments contained in the first sentence thereof. Defendant can neither admit nor deny the averments contained in the second sentence thereof.

11. Answering the allegations contained in paragraph (11) of Plaintiff's Original Complaint, Defendant can neither admit nor deny the averments contained therein.

12. Answering the allegations contained in paragraph (12) of Plaintiff's Original Complaint, Defendant admits that venue is proper in the United States District Court for the Western District of Texas, San Antonio Division, but denies the occurrence of any unlawful employment practices as alleged therein.

13. Defendant admits the averments contained in paragraph (13) of Plaintiff's Original Complaint.

14. Defendant admits the averments contained in paragraph (14) of Plaintiff's Original Complaint.

15. Defendant denies, in their entirety, the allegations contained in paragraph (15) of Plaintiff's Original Complaint.

16. Defendant denies, in their entirety, the allegations contained in paragraph (16) of Plaintiff's Original Complaint.

17. Defendant denies, in their entirety, the allegations contained in paragraph (17) of Plaintiff's Original Complaint.

18. Defendant admits that Plaintiff, voluntarily and without coercion or influence, resigned her employment with Defendant on May 21, 2004. Defendant denies, in their entirety, the remaining allegations and inferences contained in paragraph (18) of Plaintiff's Original

30950471.1
- 5 -

Complaint.

19. Answering the averments in paragraph (19) of Plaintiff's Original Complaint, Defendant admits that Plaintiff purports to reassert the preceding paragraphs of the Complaint but Defendant denies, in their entirety, the allegations and any inference of discrimination contained therein.

20. Defendant denies, in their entirety, the allegations contained in paragraph (20) of Plaintiff's Original Complaint.

21. Defendant denies, in their entirety, the allegations contained in paragraph (21) of Plaintiff's Original Complaint.

22. Defendant denies, in their entirety, the allegations contained in paragraph (22) of Plaintiff's Original Complaint.

23. Answering the averments in paragraph (23) of Plaintiff's Original Complaint, Defendant admits that Plaintiff purports to reassert the preceding paragraphs of the Complaint but Defendant denies, in their entirety, the allegations and any inference of discrimination contained therein.

24. Defendant denies, in their entirety, the allegations contained in paragraph (24) of Plaintiff's Original Complaint.

25. Defendant denies, in their entirety, the allegations contained in paragraph (25) of Plaintiff's Original Complaint.

26. Defendant denies, in their entirety, the allegations contained in paragraph (26) of Plaintiff's Original Complaint.

27. Answering the averments in paragraph (27) of Plaintiff's Original Complaint, Defendant admits that Plaintiff purports to reassert the preceding paragraphs of the Complaint but Defendant denies, in their entirety, the allegations and any inference of discrimination contained therein.

28. Defendant denies, in their entirety, the allegations contained in paragraph (28) of Plaintiff's Original Complaint.

29. Defendant denies, in their entirety, the allegations contained in paragraph (29) of Plaintiff's Original Complaint.

30. Defendant denies, in their entirety, the allegations contained in paragraph (30) of Plaintiff's Original Complaint.

31. Answering the averments in paragraph (31) of Plaintiff's Original Complaint, Defendant admits that Plaintiff purports to reassert the preceding paragraphs of the Complaint but Defendant denies, in their entirety, the allegations and any inference of discrimination contained therein.

32. Defendant denies, in their entirety, the allegations contained in paragraph (32) of Plaintiff's Original Complaint.

33. Defendant denies, in their entirety, the allegations contained in paragraph (33) of Plaintiff's Original Complaint.

34. Defendant denies, in their entirety, the allegations contained in paragraph (34) of Plaintiff's Original Complaint.

35. Defendant admits that Plaintiff seeks the relief contained in the "Prayer" paragraph of Plaintiff's Original Complaint, paragraph (35)(a-h) but denies that Plaintiff is entitled to any of

30950471.1

the relief sought therein.

36. Defendant admits that Plaintiff seeks a trial by jury but denies that this action is properly brought or that Plaintiff is entitled to any relief.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully submits this its Original Answer and prays that Plaintiff take nothing by her suit, and that Defendant be allowed to recover the costs which have been incurred by reason of the charges and allegations against it by Plaintiff; and that the Court grant Defendant such other and further relief, both at law and in equity, both general and specific to which Defendant may show itself justly entitled.

FULBRIGHT & JAWORSKI L.L.P.

By: _____
Cyndi M. Benedict
State Bar No. 03322000
Stephen J. Romero
State Bar No. 24046756
300 Convent Street, Suite 2200
San Antonio, Texas 78205-3792
Telephone: (210) 224-5575
Facsimile: (210) 270-7205

Attorney for Defendant Southwest Research Institute

## CERTIFICATE OF SERVICE

This pleading, Defendant's Original Answer, has been served in compliance with the Federal Rules of Civil Procedure on August 15, 2005 on the following counsel of record:

Malinda A. Gaul
Law Offices of Gaul and Dumont
105 South St. Mary's, Suite 950
San Antonio, TX 78205

_____
Cyndi M. Benedict

30950471.1