# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LAUREN BROWNING, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. SA-05-CA-0245-FB |
| | § | |
| SOUTHWEST RESEARCH INSTITUTE | § | |
| Defendant. | § | |

## AGREED MOTION FOR ENTRY OF AGREED PROTECTIVE ORDER

COMES NOW, Plaintiff Lauren Browning, and Defendant Southwest Research Institute, by and through respective counsel of record and file this their Agreed Motion for Entry of Agreed protective Order and in support would respectfully show the Court as follows:

1. The parties are actively engaged in the discovery process. As part thereof, portions of information to be disclosed are considered to be confidential and/or proprietary in nature. As a result, the parties have agreed to terms under which such materials may be marked as confidential, the process by which such materials will be protected from further disclosure, and related procedural matters. Attached hereto as Exhibit A is the Agreed Protective Order sought to be entered by the parties to this litigation.

WHEREFORE, PREMISES CONSIDERED, the parties request this Court grant this Agreed Motion for Entry of Agreed Protective Order by signature and entry of the attached Agreed Protective Order into the record of the Court.

31030992.1

Respectfully submitted,

GILLESPIE, ROZEN, WATSKY, MOTLEY &
JONES, P.C.

/s/ *illegible signature*
Hal K. Gillespie
State Bar No. 07925500
M. Jeanette Fedele
State Bar No. 24040887
3402 Oak Grove Avenue, Suite 200
Dallas, Texas 75204
Telephone: (214) 720-2009
Facsimile: (214) 720-2291
Attorneys for Plaintiff, Lauren Browning

COOPERATING PLAINTIFF'S COUNSEL

Steve Baughman Jensen
BARON AND BUDD, P.C.
State Bar No. 99783615
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
Telephone: (214) 521-3605
Facsimile: (214) 520-1181

Adele P. Kimmel
TRIAL LAWYERS FOR PUBLIC JUSTICE, P.C.
District of Columbia Bar No. 412612
1717 Massachusetts Avenue, NW, Suite 800
Washington, D.C. 20036
Telephone: (202) 797-8600
Facsimile: (202) 232-7203

Malinda A. Gaul
LAW OFFICES OF GAUL AND DUMONT
State Bar No. 08239800
111 Soledad, Suite 725
San Antonio, Texas 78205
Telephone: (210) 225-0685
Facsimile: (210) 271-9557

Respectfully submitted,

FULBRIGHT & JAWORSKI L.L.P.

/s/ *illegible signature*
Cyndi M. Benedict
State Bar No. 03322000
Stephen J. Romero
State Bar No. 24046756
300 Convent Street, Suite 2200
San Antonio, Texas 78205
Telephone: (210) 270-7120
Telecopier: (210) 270-7205
Attorneys for Defendant,
Southwest Research Institute

CERTIFICATE OF SERVICE

This pleading was served in compliance with Rule 5 of the Federal Rules of Civil Procedure by Certified Mail, Return Receipt Requested on December __, 2005 on the following:

Hal K. Gillespie
M. Jeanette Fedele
Gillespie, Rozen, Watsky, Motley & Jones, P.C.
3402 Oak Grove, Suite 200
Dallas, Texas 75204

Malinda A. Gaul
Law Offices of Gaul and Dumont
111 Soledad, Suite 725
San Antonio, Texas 78205

_____
Cyndi M. Benedict

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LAUREN BROWNING, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. SA-05-CA-0245-FB |
| | § | |
| SOUTHWEST RESEARCH INSTITUTE | § | |
| Defendant. | § | |

## AGREED PROTECTIVE ORDER

On this date came on for consideration the parties' Agreed Motion for Entry of Agreed Protective Order, and this Court, having been advised of the premises therefore, is of the opinion that the motion is well taken and should be granted, and that the Protective Order should be entered. It is hereby ORDERED that:

1. Documents and information produced by Defendant and/or Plaintiff through discovery that contain Confidential and/or Proprietary Information shall be treated as confidential by the parties and shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose or litigation whatsoever, and shall not be disclosed to any person except in accordance with the terms of this Order or pursuant to a legally enforceable subpoena.

2. "Confidential Information," as used herein, means any information of any type which is designated by Defendant and/or Plaintiff as "Confidential", "Proprietary", or "Confidential and/or Proprietary" whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, in response to request for production, or otherwise. In designating information as

31031012.2

EXHIBIT A

"Confidential Information," Defendant and/or Plaintiff will make such designation only as to that information that they in good faith believe contains confidential and/or proprietary information.

3. Confidential Information and information derived there from may only be disclosed or made available to the following persons who shall be designated as "Qualified Persons":

 (a) Plaintiff, Lauren Browning;

 (b) Defendant, Southwest Research Institute;

 (c) Attorneys of record for the foregoing Plaintiff and/or Defendant and employees of such attorneys to whom it is necessary that the information be shown for purposes of litigation;

 (d) independent investigators, experts, or consultants retained by Plaintiff's and/or Defendant's counsel of record in the preparation of this case, to whom it is necessary that the information be shown for purposes of this litigation;

 (e) the Court, its employees and agents, court reporters, and their agents in depositions, hearings, or trial in this action; and

 (f) any other person designated by this Court, after notice and hearing, or designated by written agreement of the parties.

4. Defendant and/or Plaintiff may designate documents produced in this action as "Confidential Information" by marking the first page of each document so designated "Confidential," or "Confidential Subject to Protective Order." In lieu of marking the original of a document, if the original is not produced, Defendant and/or Plaintiff may mark the copies that are produced or exchanged.

5. Information disclosed at any deposition may be designated by Defendant and/or Plaintiff as "Confidential Information" by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Order. Alternatively, Defendant and/or Plaintiff may also designate information disclosed at such deposition as Confidential by notifying Plaintiff's or Defendant's counsel in writing within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript that should be treated as Confidential thereafter. Plaintiff's and/or Defendant's counsel shall attach a copy of such written notice(s) to the face of the transcript and each copy thereof in his possession, custody, or control. All deposition transcripts shall be treated as Confidential for a period of thirty (30) days after the receipt of the transcript to facilitate such designation.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential Information", with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing "Confidential Information" shall have page numbers that correspond to the blank pages in the main transcript. The party designating the information as Confidential shall bear the additional costs, if any, incurred by the court reporter in segregating the transcripts as requested for these purposes.

6. Subject to the provisions of Paragraph 13, copies of "Confidential Information" provided to a receiving party shall be maintained in the offices of each respective counsel for Plaintiff and Defendant. Any documents produced in this litigation, regardless of classification, which are provided to persons designated in Paragraph 3 above, shall be maintained only at the office of such person and only working copies shall be made of any such documents. Copies of

documents produced under this Protective Order may be made, or exhibits prepared by independent copy services, printers or illustrators for the purpose of this litigation.

Defendant's and/or Plaintiff's counsel shall maintain a log of all copies of "Confidential" documents which are delivered to any one or more of the persons described in Paragraph 3, above. Plaintiff's and/or Defendant's counsel shall advise the opposing parties' counsel of any disclosure of "Confidential" documents to persons described in Paragraph 3(c) so as to allow Defendant's and/or Plaintiff's counsel to maintain the referenced log.

7. Nothing herein shall prevent disclosure beyond the terms of this order if each party designating the information as "Confidential," consents to such disclosure or if the court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Confidential Information" in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential Information", irrespective of which party produced such information.

8. In the event that any party to this litigation disagrees with the designation by the designating party of any information as "Confidential", or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies. If a dispute with respect to the designation of documents or information as "Confidential", cannot be resolved, the objecting party may invoke this Protective Order by objecting within 60 days of the production of such documents in writing to the party who has designated the document or information as "Confidential".

If a dispute with respect to the designation of a "Qualified Person" cannot be resolved,

the objecting party may invoke this Protective Order by objecting within 14 days of the service of the designation of the Qualified individual. The designating party shall then be required to move the Court for an Order preserving the designated status of such information within fourteen (14) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item or the termination of the Qualified status of the individual.

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective order.

9. In the event a party wishes to use any "Confidential Information" in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such "Confidential Information" used therein shall be filed under seal with the Court.

10. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this order.

11. If a party desires to file with the Court deposition testimony or any exhibits comprised of, or which contain, information obtained pursuant to this Order, such material shall be filed with the Court in sealed envelopes on which shall be endorsed the title of this action, a brief description of the contents, the name of the parties and their respective counsel, and a statement in bold print substantially in the following form: "THIS ENVELOPE CONTAINS DOCUMENTS WHICH ARE CONFIDENTIAL, AND IS NOT TO BE OPENED EXCEPT BY ORDER OF THE COURT." The provisions of this paragraph do not apply to exhibits offered at the time of trial; provided, however, that Defendant and/or Plaintiff shall be entitled to such protective orders concerning the "Confidential Information" to be introduced at trial as they

deem reasonable and/or necessary to protect "Confidential Information" from public disclosure. No later than fourteen (14) days before the date of trial, the parties shall advise one another in writing of any "Confidential Information" it intends to use at trial so the opposing party will have an opportunity to seek an appropriate protective order.

12. The Clerk of the Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation which have been designated, in whole or in part, as "Confidential Information" by a party to this action.

13. Within sixty (60) days upon final disposition of this litigation (including any appeal) all Confidential Information, all reproductions thereof, and all abstracts and compilations therefrom, in the possession of any of the persons qualified under Paragraph 3, shall be returned to counsel for the party who produced the information and/or designated it as "Confidential". The party seeking the return of documents and information designated as "Confidential" shall bear the cost of such return. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced hereunder, such orders shall continue to be binding after the conclusion of this litigation.

14. The inadvertent or unintentional production of documents containing, or other disclosure of, "Confidential Information", without being designated as "Confidential Information" at the time of the production or disclosure, shall not be deemed a waiver in whole or in part of Defendant's and/or Plaintiff's claim of confidentiality, either as to specific information discussed or as to any information relating thereto or on the same or related subject matter. The production of documents or other tangible things pursuant to a request for production

by Defendant and/or Plaintiff shall not be deemed a waiver of any right by the producing party to object to admissibility of such document at a later time. Documents unintentionally produced without designation as "Confidential" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

15. This order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation in a general way of "Confidential Information" produced or exchanged herein: provided, however that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any "Confidential Information" produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

16. This Protective Order shall apply to and be enforceable against the parties, their attorneys; all persons and entities to whom any "Confidential Information" is disclosed; and all of their agents, members, shareholders, partners, associates, consultants, employees, representatives, successors, and assigns.

17. NOTHING CONTAINED IN THIS PROTECTIVE ORDER SHALL BE CONSTRUED AS PERMITTING DISCLOSURE OF ANY CONFIDENTIAL INFORMATION, OR ANY INFORMATION ABSTRACTED THEREFROM, TO COUNSEL OR PARTIES IN ANY ACTUAL OR POTENTIAL LITIGATION OR LEGAL PROCEEDING OTHER THAN THE ABOVE-ENTITLED AND NUMBERED CAUSE, OR TO ANY PERSON OR ENTITY INVOLVED IN THE INVESTIGATION OR PREPARATION OF ANY OTHER POTENTIAL LITIGATION OR LEGAL PROCEEDING.

18. This Protective Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the questions of whether any particular document or information is confidential or whether its use should be restricted; or (ii) to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.

19. In anticipation of this Order, Plaintiff shall produce documents responsive to Defendant's First Request for Production of Documents on or before December 6, 2005 and Defendant shall produce documents responsive to Plaintiff's First Request for Production of Documents on or before December 16, 2005.

SO ORDERED this _____ day of _____, 2005.

_____
HONORABLE FRED BIERY

THE PARTIES HEREBY STIPULATE AND AGREE TO THE TERMS OF THE FOREGOING PROTECTIVE ORDER AND TO ITS ENTRY BY THE COURT.

Respectfully submitted,

GILLESPIE, ROZEN, WATSKY, MOTLEY & JONES, P.C.

_____
Hal K. Gillespie
State Bar No. 07925500
M. Jeanette Fedele
State Bar No. 24040887
3402 Oak Grove Avenue, Suite 200
Dallas, Texas 75204
Telephone: (214) 720-2009
Facsimile: (214) 720-2291
Attorneys for Plaintiff, Lauren Browning

COOPERATING PLAINTIFF'S COUNSEL
Steve Baughman Jensen

Respectfully submitted,

FULBRIGHT & JAWORSKI L.L.P.

_____
Cyndi M. Benedict
State Bar No. 03322000
Stephen J. Romero
State Bar No. 24046756
300 Convent Street, Suite 2200
San Antonio, Texas 78205
Telephone: (210) 270-7120
Telecopier: (210) 270-7205
Attorneys for Defendant,
Southwest Research Institute

31031012.2         8

BARON AND BUDD, P.C.
State Bar No. 99783615
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
Telephone: (214) 521-3605
Facsimile: (214) 520-1181

Adele P. Kimmel
TRIAL LAWYERS FOR PUBLIC JUSTICE, P.C.
District of Columbia Bar No. 412612
1717 Massachusetts Avenue, NW, Suite 800
Washington, D.C. 20036
Telephone: (202) 797-8600
Facsimile: (202) 232-7203

Malinda A. Gaul
LAW OFFICES OF GAUL AND DUMONT
State Bar No. 08239800
111 Soledad, Suite 725
San Antonio, Texas 78205
Telephone: (210) 225-0685
Facsimile: (210) 271-9557