IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
FEB 23 2006
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

| | | |
|---|---|---|
| LAUREN BROWNING, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. SA-05-CA-0245-FB |
| SOUTHWEST RESEARCH INSTITUTE, | § § § § | |
| Defendant. | § | |

**PLAINTIFF'S MOTION TO EXTEND PLAINTIFF'S
DEADLINE FOR DESIGNATING TESTIFYING EXPERTS**

TO THE HONORABLE FRED BIERY, U.S. DISTRICT JUDGE:

Plaintiff Lauren Browning ("Browning") files this Motion to Extend Plaintiff's Deadline for Designating Testifying Experts and in support, would respectfully show the Court as follows:

## I. SUMMARY OF THE ARGUMENT

1. Browning has made diligent efforts to discover the information necessary for obtaining an expert's conclusion and report. However, Defendant's delay in producing documents and the parties' subsequent discovery dispute have hindered Browning's efforts. Additionally, deposition discovery scheduled to take place in March and April 2006 is necessary to Browning's expert's reports. Therefore, Browning moves this Court to extend her deadline for designating testifying experts from March 3, 2006 to April, 28, 2006. In the alternative, Browning moves that the Court order an extension of time for Browning to serve export reports upon Defendant from March 3, 2006 to April 28, 2006.

## II. PROCEDURAL BACKGROUND

2. The Court entered its original scheduling order on November 18, 2005. This

Scheduling Order sets March 3, 2006 as the deadline by which Browning shall file her designation of testifying experts, as well as serve the materials required by FED. R. CIV. P. 26(a)(2)(B). Defendant's deadline to file its designation of testifying experts and serve the materials required by FED. R. CIV. P. 26(a)(2)(B) is April 3, 2006. The discovery deadline is May 12, 2005 and all dispositive motions shall be filed by June 12, 2006. However, no trial date has been set for this matter.

3. For the reasons set forth below and pursuant to FED. R. CIV. P. 6(b), Browning now respectfully requests that the Court extend by eight weeks the deadline for Plaintiff to designate testifying experts and comply with FED. R. CIV. P. 26(a)(2) from March 3, 2006 to April 28, 2006. Alternatively, Browning requests that the court order that Browning may have until April 28, 2006 to serve expert reports.

4. Browning acknowledges that extending her deadline for designating testifying experts affects the remaining deadlines in the Scheduling Order. Therefore, Plaintiff suggests that such dates also be extended by eight weeks, thereby extending the deadline for Defendants to designate experts and comply with FED. R. CIV. P. 26(a)(2) from April 3, 2006 to May 29, 2006; extending the discovery deadline from May 12, 2006 to June 7, 2006; and extending the deadline to file dispositive motions from June 12, 2006 to July 25, 2006.

### III. ARGUMENT

5. In this matter, Browning alleges that Defendant engaged in gender discrimination and retaliation in violation of Title VII, violated the Equal Pay Act (the "Act"), and retaliated against Browning when she complained of Defendant's violation of the Act. Browning was the sole female Ph.D.-level scientist employed by Defendant in its Center for Nuclear Waste Regulatory Analyses ("CNWRA"). Critical to Browning's claims is discovery of documents and deposition testimony

from Defendant relating to its promotion, compensation and ranking of male scientists performing the same work, or work requiring equal skill, effort, and responsibility, as that which Browning performed. *See Manning v. Chevron Chem. Co.,* 332 F.3d 874, 884 (5th Cir. 2004); 29 U.S.C. § 206(d)(1).

6. Browning has made diligent efforts to discover such information, which is necessary for obtaining an expert's conclusion and report. Despite Browning's diligence, Defendant's delay in producing documents and the parties' subsequent discovery dispute have prevented the necessary progress.

7. Browning served on Defendant Southwest Research Institute ("SwRI") Plaintiff's First Set of Interrogatories, Plaintiff's First Request for Production (the "discovery requests") on October 13, 2005. Defendants served its objections and responses to Browning's discovery requests on November 15, 2005, and Browning's counsel received same on or about November 17, 2005.

8. However, in its first delay, Defendant notified the undersigned counsel on November 14, 2005, that its document production would not be released until the parties reached agreement on Defendant's proposed protective order. This order was filed with this Court on December 14, 2005, and Defendants served its document production on that date. Yet, further delay ensued.

9. At Defendant's request, the undersigned counsel agreed to accept Defendant's document production via scanned documents saved to a disk. However, when Defendant's document production finally arrived, the documents were saved on the disk in such a manner that Browning's counsel was forced to incur unnecessary cost and additional delay in getting the documents printed around the Christmas holidays.

10. Defendant had saved all 1463 pages of its document production individually. In order for counsel and Browning to review the document production, counsel's office had to print out

these individually saved pages. To do so, one had to click on a folder icon labeled with that Bates number, click on the document icon labeled with that Bates number, and then print the single-page document. This process had to be repeated 1462 times. Due to quality of the scans and the manner in which the documents were saved, on-screen review of Defendant's document production was not feasible. As a result, Defendant's document production was not available for Browning's counsel to review until after the new year.

11. Upon review of the documents Defendant's produced, it became apparent that significant numbers of discoverable documents had been either withheld or redacted to the point of absurdity. (*See, e.g.,* App.1-6.) Counsel for Browning has attempted to resolve the subsequent discovery dispute with Defendants earlier this month. However, no agreement could be reached and Plaintiff's Motion to Compel will be filed shortly after this motion. The disputed information is necessary to an expert's report. Thus, this Court should grant Browning's motion to extend her deadline for designating testifying experts in order to allow for resolution of the discovery dispute.

12. Additionally, due to the schedules of counsel for both parties, none of Plaintiff's eight requested depositions could be scheduled until March 9, 2006, when one deposition is scheduled to take place. The remaining seven depositions will not be complete until April 13, 2006.

13. Short of filing this motion, Browning attempted to reach agreement with Defendant's counsel as to extension of both parties' deadlines to designate testifying experts. Last week it appeared as though counsel had reached agreement. (*See* App.7-13). On February 17, 2006, opposing counsel indicated that she would sign an letter agreement reflecting the dates discussed. (*See* App.14-15). The undersigned counsel faxed a letter of agreement to opposing counsel for her signature that day. (*See* App.16-18). However, opposing counsel did not return the letter with her signature or respond to further inquiry. (*See* App.19-22). Therefore, Browning now moves for an

extension that exceeds the compromise dates discussed with opposing counsel last week.

14. Accordingly, Browning requests this Court extend by eight weeks her deadline to designate testifying experts and and comply with FED. R. CIV. P. 26(a)(2) from March 3, 2006 to April 28, 2006. Alternatively, Browning requests that if the Court retains the March 3, 2006 deadline that it allow Browning until April 28, 2006 to serve expert reports.

15. This requested extension of time is not made for unnecessary delay, but so that justice may be done.

## IV. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Browning prays that her Motion to Extend Plaintiff's Deadline for Designating Testifying Experts be set for hearing and granted, and that the Court enter an order extending Browning's deadline to designate testifying experts from March 3, 2006 to April 28, 2006.

Respectfully submitted,

GILLESPIE, ROZEN, WATSKY, MOTLEY & JONES, P.C.
3402 Oak Grove Avenue, Suite 200
Dallas, Texas 75204
Phone: (214) 720-2009
Fax: (214) 720-2291

By: _____
Hal K. Gillespie
State Bar No. 07925500
M. Jeanette Fedele
State Bar No. 24040887

BARON AND BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
Steve Baughman Jensen
State Bar No. 00783615

PLAINTIFF'S MOTION TO EXTEND PLAINTIFF'S
DEADLINE FOR DESIGNATING TESTIFYING EXPERTS                                    Page 5

Trial Lawyers for Public Justice, P.C.
1717 Massachusetts Avenue, NW, Suite 800
Washington, D.C. 20036
Phone (202) 797-8600
Fax (202) 232-7203
    Adele P. Kimmel
    District of Columbia Bar No. 412612

Law Offices of Gaul and Dumont
111 Soledad, Suite 725
San Antonio, Texas 78205
(210) 225-0685
(210) 271-9557 - Fax
    Malinda A. Gaul
    State Bar #08239800

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

On February 22, 2006, counsel for Plaintiff called counsel for Defendant to discuss this motion. Counsel for Defendant was not available and counsel for Plaintiff left a voice message regarding the motion. As of 4:30, the undersigned had received two phone calls from Defendant's counsel's paralegal, but had not heard from counsel for Defendant regarding Defendant's position on this motion. Counsel for Plaintiff presumes Counsel for Defendant opposes this motion.

_____
M. Jeanette Fedele

## CERTIFICATE OF SERVICE

     The undersigned certifies that a true and correct copy of the foregoing was forwarded on this the 22nd day of February, 2006, in the following manner to:

     Cynthia Michelle Benedict
     Stephen J. Romero
     Fulbright & Jaworski
     300 Convent Street, #2200
     San Antonio, TX 78205

     _____ Hand-Delivery
     \_\_✓\_\_\_\_ U.S. Mail, postage pre-paid
     _____ Certified Mail, Return Receipt Requested
     _____ Overnight Express Mail/Federal Express
     _____ Telecopier

                                                                                         M. Jeanette Fedele

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
FEB 23 2006
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

| | |
|---|---|
| LAUREN BROWNING, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. SA-05-CA-0245-FB |
| § | |
| SOUTHWEST RESEARCH § | |
| INSTITUTE, § | |
| § | |
| Defendant. § | |

## PLAINTIFF'S MOTION TO EXTEND PLAINTIFF'S DEADLINE FOR DESIGNATING TESTIFYING EXPERTS

TO THE HONORABLE FRED BIERY, U.S. DISTRICT JUDGE:

Plaintiff Lauren Browning ("Browning") files this Motion to Extend Plaintiff's Deadline for Designating Testifying Experts and in support, would respectfully show the Court as follows:

### I. SUMMARY OF THE ARGUMENT

1. Browning has made diligent efforts to discover the information necessary for obtaining an expert's conclusion and report. However, Defendant's delay in producing documents and the parties' subsequent discovery dispute have hindered Browning's efforts. Additionally, deposition discovery scheduled to take place in March and April 2006 is necessary to Browning's expert's reports. Therefore, Browning moves this Court to extend her deadline for designating testifying experts from March 3, 2006 to April, 28, 2006. In the alternative, Browning moves that the Court order an extension of time for Browning to serve export reports upon Defendant from March 3, 2006 to April 28, 2006.

### II. PROCEDURAL BACKGROUND

2. The Court entered its original scheduling order on November 18, 2005. This