IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

LAUREN BROWNING, §
§
    Plaintiff, §
§
VS. § CIVIL ACTION NO. SA-05-CA-245-FB
§
SOUTHWEST RESEARCH INSTITUTE, §
§
    Defendant. §

## *ADVISORY TO COUNSEL*

To the extent the Court perceives acerbic shrillness may be creeping into this case in the early stages, counsel may want to consider the attached order entered in another case where professional manner and behaviors appeared to be lacking.

Signed this 7th day of March, 2006.

FRED BIERY
UNITED STATES DISTRICT JUDGE

30

COURT COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
JAN 3 1 2006
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

| | |
|---|---|
| NOVA CONSULTING GROUP, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. SA-03-CA-0305-FB |
| § | |
| ENGINEERING CONSULTING SERVICES, § | |
| LTD., ROBERT BURGE, GERALD § | |
| HERNANEZ, DENNIS HUNTER and § | |
| EARL McINTOSH, § | |
| § | |
| Defendants. § | |

## ORDER CONCERNING OBJECTIONS TO MAGISTRATE ORDERS FILED FEBRUARY 14, 2005 AND RESCINDING OF PRO HAC VICE ORDERS

Before the Court are two appeals from the orders of United States Magistrate Judge Pamela A. Mathy filed as follows: (1) Objections to Magistrate's Order Denying Plaintiff's Motion to Exclude Declarations and Testimony of Michael Wileman and John Parsons (docket #92); (2) Objections to Magistrate's Order Denying Plaintiff's Motion for Discovery Sanctions Against Defendant Engineering Consulting Services, Ltd. (docket #93), and (3) Defendant ECS' Opposition to Nova's Objections to Magistrate Judge Mathy's Discovery Orders (docket #94). The Court has reviewed Magistrate Judge Mathy's orders of February 14, 2005 (docket #87 and 88), the objections and response, as well as the file.

The standard of review for matters decided by a magistrate judge and appealed to the district court is found in rule 72 of the Federal Rules of Civil Procedure. Rule 72 provides in part:

> The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

FED. R. CIV. P. 72(a). A decision is considered to be clearly erroneous or contrary to law when the reviewing court is left with the definite and firm conviction that a mistake has been committed. The Court has great confidence in Magistrate Judge Mathy's ability to deal with the issues before the Court and did not find her decisions to be clearly erroneous and/or contrary to law. Accordingly, IT IS HEREBY ORDERED that the Orders filed February 14, 2005 (docket # 87 and #88) are AFFIRMED and the objections are overruled.

Equally as important, the Court senses a toxic atmosphere of acerbic shrillness among counsel, some of whom asked for and received an act of Grace from this Court to appear *pro hac vice*. Counsel who are before this Court are advised early on in the proceedings what this Court expects in terms of professional behavior. See Docket Number 10 filed May 15, 2003, and Docket Number 13 filed July 16, 2003. Counsel are reminded of these admonishments in attachments "A" and "B."

On the rare occasions when counsel licensed to appear before this Court have engaged in elementary school behavior, the Court on one occasion during the middle of trial placed the lawyers in "time-out" in the rotunda of the United States Courthouse, and the trial proceeded with second chair counsel. (Incidentally, the undersigned has known both lawyers for thirty years and considers them to be personal friends but still would not countenance their behavior.) On two other occasions, childish behavior lead to a threat that both lawyers would be taken by a United States Marshal to the front steps of the Alamo where they would be required to kiss each other on the lips and refrain from further churlish actions. The mere threat of such a sanction had

miraculous and beneficial results. In twenty-eight years on the bench, these are the only three occasions where the Case has found it necessary to take the above referenced actions. Occasion number four is presently before this Court.

Because, however, lead counsel for plaintiff and defendants are in Chicago, and the recipients of the Court's Grace, and because this case is not yet in trial, time-out and the Alamo are not practical alternatives. While the parties clearly find this dispute to be of importance, over the long span of eternity and compared to what is presently going on in other parts of the world, this is just one more group of wealthy Americans fighting over money and transferring wealth to their lawyers. While the Court is here to preside, if necessary, over a trial of the parties' dispute, it will be done in the professional manner which this Court expects. The Court has never had anything but professional behavior from local San Antonio counsel Mr. Kirstein, Mr. Kilpatrick, Mr. Walker, and Ms. Monsen.

Accordingly, IT IS HEREBY ORDERED that this Court's *pro hac vice* orders of April 21, 2003 (docket #3), September 23, 2003 (docket #20), February 20, 2004 (docket #28), May 21, 2004 (docket #47), May 27, 2004 (docket #50), July 27, 2004 (docket #60), and December 5, 2005 (docket #116) are RESCINDED. Mr. Kirstein, Mr. Kilpatrick, Mr. Walker and Ms. Monsen shall decide who among them shall be lead counsel for their respective side and inform the Court by written advisory within thirty days from the date of this order.

It is so ORDERED.

SIGNED this 31st day of January, 2006.

FRED BIERY
UNITED STATES DISTRICT JUDGE

**COURT COPY**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
MAY 15 2003
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| NOVA CONSULTING GROUP, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. SA-03-CA-305-FB |
| § | |
| ENGINEERING CONSULTING SERVICES, § | |
| LTD., ROBERT BURGE, GERALD § | |
| HERNANDEZ, DENNIS HUNTER, and § | |
| EARL McINTOSH, § | |
| § | |
| Defendants. § | |

## ORDER FOR SCHEDULING RECOMMENDATIONS

In an effort to assist the parties in resolving this dispute as expeditiously and efficiently as possible, and in accordance with Rule CV-16(c) of the Local Court Rules of the Western District of Texas,

IT IS HEREBY ORDERED that the parties shall submit a proposed scheduling order to the Court within 60 days after the appearance of any defendant. The parties shall first confer as required by FED R. CIV. P. 26(f). The content of the proposed scheduling order shall include proposals for all deadlines set out in the form for scheduling order attached hereto and contained in Appendix "B" to the Local Rules. The parties shall endeavor to agree concerning the contents of the proposed order, but in the event they are unable to do so, each party's position and the reasons for the disagreement shall be included in the proposed schedule submitted to the court. In the event the plaintiff has not yet obtained service on all defendants, the plaintiff shall include an explanation of why all parties have not been served. The scheduling proposals of the parties shall be considered by the trial court, but the setting of all dates is within the discretion of the Court. The parties shall indicate in the proposed order that they have in fact conferred as required by the federal rules of procedure.

The proposed scheduling order shall contain suggestions for the following deadlines:

1. A report on alternative dispute resolution in compliance with Local Rule CV-88 (the standard period being <u>90 days</u> after the first defendant's appearance).

2. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties (the standard period being <u>90 days</u> after the first defendant's appearance), and each opposing party shall respond, in writing (the standard period being <u>104 days</u> after the first defendant's appearance).

3. The parties shall file all motions to amend or supplement pleadings or to join additional parties by (the standard period being <u>120 days</u> after the first defendant's appearance).



4. All parties asserting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and shall SERVE ON ALL PARTIES, BUT NOT FILE the materials required by FED. R. CIV. P. 26(a)(2)(B) by (the standard period being 90 days before the discovery deadline). Parties resisting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and shall SERVE ON ALL PARTIES, BUT NOT FILE the materials required by FED. R. CIV. P. 26(a)(2)(B) by (the standard period being 45 days before the close of discovery). All designations of rebuttal experts shall be filed within 15 days of receipt of the report of the opposing expert.

5. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within (the standard period being 30 days) days of receipt of the written report of the expert's proposed testimony, or within (the standard period being 30 days) days of the expert's deposition, if a deposition is taken, whichever is later.

6. The parties shall complete discovery (the standard period being six months after the first defendant's appearance). Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

7. All dispositive motions shall be filed (the standard period being 30 days after the discovery deadline). Dispositive motions as defined in Local Rule CV-7(h) and responses to dispositive motions shall be limited to (the standard page limit for this Court is 20) pages in length.

8. This case will not be set for trial until after dispositive motions, if any, have been ruled on. The Court will set a trial date and also set a deadline for the parties to file the matters required to be filed in advance of trial in accordance with Local Rule CV-16(e). However, the parties should be aware that if they choose to stay on this district court's docket (and do not consent to proceed to trial before a United States Magistrate Judge), from time to time the Court has three or four day blocks of time available and will not hesitate to accelerate the Scheduling Order deadlines and direct the parties to appear for trial with as little as forty-eight hours' notice.

9. All civil settings are subject to the Court's criminal docket.

10. All counsel are expected to abide by "Appendix A" attached hereto.

It is so ORDERED.

SIGNED this /5 day of May, 2003.

FRED BIERY
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| _____, | § |
| :--- | :--- |
| | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § CIVIL ACTION NO. SA-__-CA-___-FB |
| | § |
| _____, | § |
| | § |
| | § |
| Defendant. | § |

## SCHEDULING RECOMMENDATIONS

The parties recommend that the following deadlines be entered in the scheduling order to control the course of this case:

1. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed by _____.

3. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties by _____, and each opposing party shall respond, in writing, by _____.

3. The parties shall file all motions to amend or supplement pleadings or to join additional parties by _____.

4. All parties asserting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and shall serve on all parties, but not file the materials required by FED. R. CIV. P. 26(a)(2)(B) by _____. Parties resisting claims for relief shall filed their designation of potential witnesses, testifying experts, and proposed exhibits, and shall serve on all parties, but not file the materials required by FED. R. CIV. P. 26(a)(2)(B) by _____. All designations of rebuttal experts shall be designated within 15 days of receipt of the report of the opposing expert.

5. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within _____ days of receipt of the written report of the expert's proposed testimony, or within _____ days of the expert's deposition, if a deposition is taken, whichever is later.

6. The parties shall complete all discovery on or before _____. Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

7. All dispositive motions shall be filed no later than _____. Dispositive motions as defined in Local Rule CV-7(h) and responses to dispositive motions shall be limited to _____ pages in length.

8. The trial date will be determined at a later date by the Court. The parties shall consult Local Rule CV-16(e) regarding matters to be filed in advance of trial. At the time the trial date is set, the Court will also set the deadline for the filing of matters in advance of trial.

9. All of the parties who have appeared in the action conferred concerning the contents of the proposed scheduling order on _____, and the parties have (*agreed/disagreed*) as to its contents. The following positions and reasons are given by the parties for the disagreement as to the contents of the proposed scheduling order _____. Plaintiff offers the following explanation of why all parties have not been served _____.

_____
(Signature)

_____
(Print or type name)

ATTORNEY FOR

_____
(Print or type name)

CERTIFICATE OF SERVICE

# The Rule
## For the Practice of Law

*Treat others (including lawyers, parties, witnesses and Court staff) as you would like to be treated.*

### *The Implementation of* The Rule

Our goal is the fair, peaceable and efficient resolution of disputes, and to seek the truth within the bounds of the rule of law.

There is a difference between advocacy for the sake of prolonging advocacy and serving the best interests of clients in bringing litigation to closure.

The law is only a part of life. It is easier to abide by The Rule if one occasionally breaks bread with one's adversary.

Abide by the Texas Lawyer's Creed.

### *The Penalties for not abiding by* The Rule

The loss of respect and goodwill from one's professional colleagues, thus making the practice of law much less enjoyable.

The writing of The Rule in multiples of fifty on a Big Chief tablet with a Number Two pencil.[1]

The donation of numerous pictures of George Washington to deserving charitable organizations.

Others within the discretion of the Court.

**Fred Biery**
United States District Judge

---

[1] This penalty is reserved for those whose conduct is particularly childish.

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS    JUL 1 0 2003
SAN ANTONIO DIVISION

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

COURT COPY

| | | |
|---|---|---|
| NOVA CONSULTING GROUP, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. SA-03-CA-305-FB |
| | § | |
| ENGINEERING CONSULTING SERVICES, | § | |
| LTD., ROBERT BURGE, GERALD | § | |
| HERNANDEZ, DENNIS HUNTER, and | § | |
| EARL McINTOSH, | § | |
| | § | |
| Defendants. | § | |

## COURT ADVISORY CONCERNING DISCOVERY

As this case begins, the Court wishes to apprise counsel and the parties of the Court's expectations concerning the conduct of discovery:

1. Subject to matters of privilege, the Court expects the parties to engage in full and open discovery, laying all cards on the table with the goal being the early and less expensive resolution of this dispute for the benefit of the parties. See generally FED. R. CIV. P. 26(b)(1) and W. DIST. LOC. R. CV-16 and CV-26 through CV-37.

2. There will be no Rambo tactics or other forms of elementary school behavior. Simply put: Do not play games.

3. If necessary, the Court will require the party wishing to withhold information to present those items in camera to the Court. Should it be determined that discovery of those items should have been made, the Court will impose appropriate penalties.

4. The Court observes, and counsel are well aware, that a trial, appeal and reversal and remand for new trial would result in each side being aware of the opponent's evidence. It would appear to be more efficient and less costly for the clients simply to make discovery early in the case.

Signed this ___15___ day of July, 2003.

FRED BIERY
UNITED STATES DISTRICT JUDGE