**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

FILED

MAR 2 9 2006

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| **LAUREN BROWNING,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO.  SA-05-CA-0245-FB** |
| | § | |
| **SOUTHWEST RESEARCH** | § | |
| **INSTITUTE,** | § | |
| | § | |
| **Defendant.** | § | |

### PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S DISCOVERY RESPONSES

TO THE HONORABLE FRED BIERY, U.S. DISTRICT JUDGE:

Purusant to Rule 37(a) of the Federal Rules of Civil Procedure, Plaintiff Lauren Browning ("Browning"), respectfully moves this Court for an order compelling Defendant Southwest Research Institute ("Defendant") to respond fully and complete to various written discovery requests submitted by Browning.  In support of this motion, Browning would show as follows:

### I. NATURE OF THE CASE AND CURRENT DISPUTE

In this employment discrimination suit, Browning contends that Defendant violated the Equal Pay Act, and violated Title VII[1] by compensating Browning less than her male peers, denying Browning promotions, demoting Browning in retaliation for her complaints of gender discrimination and unequal pay and constructively discharging Browning.  Defendant denies Browning's claims and instead alleges, *inter alia*, that its actions toward Browning were based on legitimate, non-discriminatory reasons or on factors other than sex.  Discovery in this matter is scheduled to close on June 7, 2006, and no trial date has been set.

On November 15, 2005, Defendant submitted its objections and responses to Browning's first set

---

[1] Browning's claims are brought under the Equal Pay Act of 1962, 29 U.S.C. §§ 206(d) and 215(a)(3) ("Equal Pay Act") and Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq*.



of written discovery.[2]  On December 14, 2005, Defendant served its document production.  In February

2006, the parties' counsel conferred on various objections asserted by Defendant.  Defendant agreed to

provide supplemental responses to two interrogatories.[3]  Defendant served its first supplemental responses

on February 27, 2006, which arrived at the offices of Browning's counsel on March 13, 2006.[4]  However

the parties were unable to reach agreement on the vast majority of the discovery disputes.  Browning

therefore asks the Court to grant her Motion to Compel on the discovery matters discussed herein, as all

of this information is relevant to Browning's claims of discrimination, her damage, and/or Defendant's

defenses.  The information sought to be compelled includes:

1.    Responsive information and materials from the time period August 1, 1998 to March 29, 2002 and
      May 22, 2004 to the present;
2.    Responsive information and materials regarding all divisions of Defendant's operations;
3.    Identity of and other information regarding Browning's comparators and decision makers;
4.    Identity of and other information regarding other candidates considered for and/or offered the job
      rankings Browning sought;
5.    Personnel files of key personnel;
6.    Un-redacted Career Ladder and Salary Information; and
7.    Documents Regarding the U.S. Department of Labor Audit of Defendant.

Browning also moves the Court for an order requiring Defendants to supplement their responses

on these disputed issues no later than April 9, 2006.

## II. GROUNDS FOR M OTION AND RELIEF REQUESTED

### A.    General Discovery Standards

Discovery in civil cases – especially in employment discrimination cases – is extremely broad.

Courts are to broadly and liberally approve discovery rules.  *See Hickman v. Taylor*, 329 U.S. 495, 507-08

(1947); *Harris v. Nelson*, 394 U.S. 286, 297 (1969).  This is particularly important in Title VII cases, where

statistical data often plays a crucial role at trial.  *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 305 (5th Cir.

---

[2]  Excerpts from the pertinent portions of Defendant's first discovery responses are attached hereto as Exhibits
"A" and "B."

[3]  A copy of the correspondence relating to the parties attempts to confer on these matters is attached hereto
as Exhibit "C."

[4]  Defendant's first supplemental discovery responses attached hereto as Exhibit "D."

1973).

Rule 26(b) permits "discovery regarding any matter not privileged, which is relevant to the claim or defense of any party." Any matter not privileged is discoverable so long as it is reasonably calculated to lead to discoverable evidence, regardless of whether the matter is itself relevant or whether the relevant evidence is admissible. *See* FED. R. CIV. P. 26(B); *Dunbar v. U.S.*, 502 F.2d 506, 509 (5th Cir. 1974).

Allowing broad discovery in employment discrimination cases is crucial, given that such cases turn largely on complicated inferences concerning an employer's state of mind. *Trevino v. Celanese Corp.*, 701 F.2d 405-06 (5th Cir. 1983); *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978); *Eastland v. Tenn. Valley Auth.*, 533 F.2d 364, 370 (5th Cir. 1977), *cert. denied*, 434 U.S. 985 (1977); *Burns*, 483 F.2d at 304-05.[5] Moreover, courts recognize the close relationship between the need for circumstantial evidence and a correspondingly broad application of relevance in employment discrimination cases. As the Seventh Circuit stated,

> [D]efendants of even minimal sophistication will neither admit discriminatory animus nor leave a paper trail demonstrating it ... The law tries to protect ... workers against being treated more harshly than would be the case if they were a different race, sex, religion, or national origin, but it has difficulty achieving this goal because it is so easy to concoct a plausible reason for . . . failing to promote, or denying a pay raise to, a worker who is not superlative. ***A plaintiff's ability to prove discrimination indirectly, circumstantially, must not be crippled by evidentiary rulings that keep out probative evidence because of crabbed notions of relevance ....***

*Riordan v. Kempiners*, 831 F.2d 690, 697-98 (7th Cir. 1987) (emphasis added).[6] A plaintiff who must shoulder the burden of proving pretext should not normally be denied the information necessary to establish that claim. *Burns*, 483 F.2d at 305.

---

[5] *See also Hollander v. American Cynamid*, 895 F.2d 80, 81-82 (2nd Cir. 1990); *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995); *Rich v. Martin Marietta Corp.*, 522 F.2d 333, 343-44 (10th Cir. 1975); *Finch v. Hercules Inc.*, 149 F.R.D. 60, 63 (D. Del. 1993).

[6] *See also Oxman v. WLS-TV*, 12 F.3d 652, 657 (7th Cir. 1993) ("[e]ven an employer who knowingly discriminates . . . may leave no written records revealing the forbidden motive and may communicate it orally to no one.") (quoting *Oxman v. WLS-TV*, 846 F. 2d 448, 453 (7th Cir. 1988)).

B.      **Discovery Plaintiff Seeks to Compel**

    1.      Relevant Time Period (Interrogatory Nos. 2, 4, 7, 8, 10 - 14 and  17 and Request for Production Nos. 9, 11-13, 23, 27-29, 31-33, 38, 40, 41 and 50)

In her first set of written discovery, Browning defines the "time period" as August 1, 1998 until present.[7]  In its General Objections, Defendant objects that the definition is overly broad, irrelevant and unduly burdensome.  Without waiving those objections, Defendant limited its responses to a period just over two years in length:  from March 29, 2002 to May 21, 2004.  Defendant's limitation improperly and prejudicially narrows the scope of Browning's discovery requests.  It also excludes more than three years during which Browning was employed with Defendant.  Browning first contacted Defendant about employment in May 1998, applied in June 1998, interviewed and entered salary negotiations in August 1998 and began continuous employment[8] with Defendant on December 7, 1998.[9]  Thus, information and materials sought, beginning from the time Browning attempted salary negotiations with Defendant, are relevant to Browning's unequal pay claims.

Browning's definition of time period is within the scope of Federal Rules of Civil Procedure 26(b)(1) because it is "reasonably calculated to lead to the discovery of admissible evidence."  Browning's request is not irrelevant, overly broad or unduly burdensome.  *See Trevino*, 701 F.2d at 405 (overruling protective order limiting discovery to two years immediately preceding filing of suit where plaintiffs sought discovery pre-dating suit by ten years).  Further, in this suit, Browning has alleged a history of Defendant's discriminatory practices.[10]  Where the plaintiff has alleged a continuing pattern and practice of discrimination, Defendant's arbitrary limitation of the time period results produces insufficient discovery responses.  *Peterson v. City College of CUNY*, 160 F.R.D. 22, 23-24 (S.D.N.Y. 1994).  Browning is

---

[7] *See* excerpts from Plaintiff's First discovery requests, attached hereto as Exhibit "E".

[8] Until the time of her May 21, 2004 constructive discharge.

[9] *See* documents attached hereto as Exhibit "F."

[10] *See* Pl.'s Original Complt., ¶ 4.

entitled to discover whether there is proof of Defendant's unremedied pattern of discrimination. *See id.* The fact that a plaintiff seeks information concerning events occurring outside of the time limits for certain claims or recovery does not act as a bar to her discovery of relevant background information. *See United Air Lines v. Evans*, 431 U.S. 553, 558 (1997) ("A discriminatory act which is not made the basis for a timely charge . . . may constitute relevant background information"). As such, Browning is entitled to discovery of information and materials, responsive to the above-referenced discovery requests, from August 1, 1998 through the present. Defendant's arbitrary limitation affects crucial evidence that is highly relevant to Browning's claims. Therefore, Defendant should produce responsive information and materials for the entire time period.

2.   Information and Materials Regarding Other Divisions of Defendant's Operations (Interrogatory Nos. 2, 7, 11-14 and Request for Production Nos. 12, 13, 23, 27, 28, 31, 38, 50, 51)

In its General Instructions, Defendant objects to the Plaintiff's requests for information regarding employees of "SwRI" on the grounds that such information is overly broad, irrelevant and unduly burdensome. Defendant limited its responses to the above-referenced discovery requests by responding for only one division of the company, the Center for Nuclear Waste Regulatory Analyses ("CNWRA" or "Division 20"). This is insufficient. To analyze an EPA claim, courts evaluate the work and wage conditions of employees working in the same "establishment." *See* 29 U.S.C. § 206(d)(1); *Lenihan*, 994 F. Supp. at 799. Courts commonly construe this to mean a distinct physical place of business, such as Defendant's San Antonio campus, but also consider, among other things, the degree of centralized management of job descriptions, salary administration and job assignments; the degree to which physically separate places of business interact; and the degree to which employees at separate locations perform the same functions. *See Lenihan*, 994 F. Supp. at 799. Also, discovery in Title VII cases are not limited to the plaintiff's department or division of employment, but may be company-wide in scope. *Hubbard v. Rubbermaid, Inc.*, 78 F.R.D. 631, 639 (D. Md. 1978). Here, Division 20 is not separated from the rest of

Defendants operations – it is on the same campus as other divisions. It shares the same Human Resources, which is extrinsically involved in managing job descriptions, salary administration and job assignments. All divisions also share the same Equal Employment Opportunity ("EEO") Compliance departments. Additionally, Division 20 frequently interacts with other divisions in joint scientific initiatives. These other divisions employ Research Scientists, Principal Scientists and Staff Scientists and/or Engineers, just as Division 20 does. Thus, Defendant's limiting its responses to just Division 20 is not justified.

Additionally, it is well-established that statistical evidence of discrimination may be used to establish that the employer's treatment of a particular employee follows the employer's pattern of discrimination. *McDonnell Douglas v. Green*, 411 U.S. 472, 508 (1973); *Siler-Khodr v. Univ. of Texas Health Sci. Ctr. San Antonio*, 261 F.3d 542, 546 (5th Cir. 2001); *Runnels v. Texas Children's Hosp. Select Plan*, 2006 WL 189939, at *3 (5th Cir. Jan. 25, 2006) (not selected for publication). Comparator and compensation information, promotion practices and allegations of discrimination throughout Defendant's operations are highly relevant to Browning's claims and necessary to prove her claim. Accordingly, Defendant should produce responsive information and materials for its entire San Antonio campus.

3.   Identification Of and Other Information Regarding Browning's Comparators & Decision Makers - Defendant's Answer to Interrogatory Nos. 2, 7, 8, 11, 12 and Request for Production Nos. 12, 13, 23, 27, 28, 32 & 50

The above-referenced discovery requests seek the identification of Browning's comparators – individuals whom Defendant interviewed, considered for hire, hired and/or promoted to the position of Staff Scientist , Principal Scientist and other scientist ranks more highly paid than Browning's, as well as persons applying for or holding these positions – and the individuals who had input into employment decisions related to these positions. These requests seek production of information and materials regarding the comparator's qualifications, job duties, compensation and supervisors, and seek production of materials regarding the decision to interview, extend a job offer, hire and/or promote Browning's comparators.

Defendant objects that the requests are overly broad, not relevant, unduly burdensome and, in one instance, that the requests seek discovery of confidential personal information of non-parties. For all but two requests,[11] Defendant refused to respond, stating that Browning was not eligible or qualified for the positions held by the comparators. Defendant's objections are misguided. Browning is not limited only to comparisons with individuals holding her former position, Research Scientist. *See Georgia Power Co. v. EEOC*, 412 F.2d 462, 468 (5th Cir. 1969). The EPA standard of showing equal work requires only that the plaintiff prove that the skill, effort and responsibility of jobs concerned are substantially equal, not identical. *Lenihan*, 994 F. Supp. at 799. As for her Title VII claims, an even more relaxed standard applies. *Id.* The jobs "need only be similar or comparable." *Id.* Additionally, the mere fact that the jobs are in different departments of an establishment will not necessarily mean that the jobs are performed under different conditions. *West v. Pennsylvania Bank*, No. 89-4730, 1990 WL 106858 at *4 (E.D.Pa. July 25, 1990). The issue of whether jobs require equal work for EPA purposes is decided on a case-by-case basis, *Lenihan*, 994 F. Supp. at 799, and a question of fact. *Id.* at 800. Position titles or descriptions are not determinative. *Montgomery v. Clayton Homes, Inc.*, 65 Fed. Appx. 508, 508 (5th 2003) (slip op.); *id.* The central issue is the job content and not the name under which the position was classified. *Lenihan*, 944 F. Supp. at 799; *See Labarge v. Chase Manhatten Bank*, No. 95-CV-173, 1997 WL 583122 at *2 (S.D.N.Y. Sept. 3, 1997).

Browning is entitled to discover whether the work she performed was substantially equal, similar, or comparable to that of Principal Scientists', Staff Scientists' and the work of other higher-paid scientist ranks. Moreover, deposition testimony given by Browning and her supervisor, English Pearcy, reveal that Browning regularly performed several tasks more typical of a Principal or Staff Scientist's duties. Because Defendant asserts it fairly compensated Browning and/or had non-discriminatory reasons for its actions,

---

[11] Defendant responded to Interrogatory No. 8 and Request for Production No. 50, but limited such responses to one position – Research Scientist.

Browning must be allowed to discover whether employees doing similiar work were similarly compensated.

As for privacy concerns of third parties, this Court entered an Agreed Protective Order on December 14, 2005, that adequately addresses privacy and confidentiality concerns. Thus, Defendant should fully respond to all the above-referenced requests.

4. <u>Identity of and Information Regarding Other Candidates Considered for and/or Offered the Job Salary and Rankings Browning Sought - Interrogatory No. 12 & Request for Production Nos. 12, 13 & 50</u>

The discovery requests identified above seek the identification of individuals whom Defendant considered for hire and/or to whom Defendant extended offers of employment for the position of Staff Scientist, Principal Scientist and other Scientists positions, and the individuals who had input into employment decisions related to these positions. The qualifications of individuals Defendant sought to fill these positions is highly relevant to Browning's pretext and disparate impact analyses. Information related to any job and/or salary offer Defendant extended to such candidates is similarly relevant. For these reasons and those set out in section II.B.3 above, Defendant should respond fully.

5. <u>Personnel Files of Key Personnel - Request for Production Nos. 6</u>

Browning's Request for Production No. 6 requests the personnel files for various individuals, including those described in Interrogatory Nos. 2, 7, 8, 11, 12, 17 and 18. As discussed above, all of these interrogatory requests inquired about Browning's comparators and/or individuals making decisions about the salary, promotion, evaluation and/or Defendant's discipline of Browning and her comparators.[12] Defendant refused to produce any of those files, save that of Browning's, objecting that the request is overly broad and seeks information not likely to lead to the discovery of admissible evidence. Defendant further objected to various subparts being unduly burdensome[13] or that the request sought confidential

---

[12] Interrogatory No. 17 requests information regarding whether Browning's comparators were disciplined for or received remarks on their evaluations concerning conduct Defendant ascribed to Browning.

[13] Subparts (b), (c), (d), (e), (f).

information regarding non-parties.[14]

Subparts (b), (c), (d), (e), (f) and (g) of this request seek the personnel records of Browning's male comparators. Subpart (h) seeks the personnel records of Browning's supervisors and decision makers as to her and her comparators. Browning moves to compel the personnel files for all the persons listed in the above-referenced requests on the grounds that such personnel files may reveal highly relevant information leading to evidence of pretext and/or disparate treatment.

Contrary to Defendants' objections, personnel files in discrimination cases are relevant and discoverable, as such information may reveal disparate treatment and/or pretext. In *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991), the Fifth Circuit determined that the district court had abused its discretion by not allowing the plaintiff to obtain the personnel files of plaintiff's supervisor and other employees, noting that all or part of the personnel files "could be central to the plaintiff's effort to prove pretext." *See also Wilson v. Martin Co. Hosp. Dist.*, 149 F.R.D. 553, 555 (W.D. Tex. 1993).

6.   Complete Copies of Defendant's Career Ladders and Salary Information - Request for Production Nos. 7 & 17-22

These requests encompass information and materials regarding salary ranges, salary determinations and job progression at SwRI (Career Ladders), as well as Defendant's reasons for failing to adjust Browning's rank and salary range following her requests for same. Defendant objected that Request for Production No. 7 is vague, overly broad, not relevant and unduly burdensome. As to Request Nos. 17-22, Defendant objected that the requests assumes facts not in evidence. Defendant produced documents in response to these requests. However, the pages Defendant produced consists of 40 pages that are virtually blank or merely cover pages. Of the 49 responsive documents Defendant produced, each page is heavily redacted and only nine pages contain salary and/or Career Ladder information.[15]   These pages reference only Browning's former title, Research Scientist. For the reasons discussed in section II.B.3. above, salary

---

[14]   Subparts (b),(c) and (d).

[15]   *See* documents attached hereto as Exhibit "G."

and career ladder information for higher-ranked scientist positions is relevant to Browning's unequal pay, disparate treatment and pretext analyses. Therefore, Defendant should respond fully and produce unredacted documents.

7.    Documents Concerning the U.S. Department of Labor ("DOL") Audit of Defendant (Request for Production No. 41)

Defendant objects to Browning's request for documents it produced to the Department of Labor, in response to a DOL audit, on the grounds that the request is overly broad and seeks irrelevant information. Defendant's relevance objection is incredible because a document produced in this litigation makes specific reference to Defendant's response to the DOL. In particular, the document notes the DOL's "comment that the salary of Dr. Lauren Browning is below that of colleagues in Division 20 who are classified as Research Scientists"[16] Additionally, the request is not overly broad. Browning seeks documents relating only to DOL's audit of Defendant's salary and compensation practices. Upon information and belief, only one such audit occurred, and it specifically referenced Browning. Defendant should, therefore, produce the responsive documents.

## III. CONCLUSION

WHEREFORE, for the foregoing reasons, Browning respectfully prays that this Court overrule Defendant's objections and grant this motion in its entirety, requiring Defendant to supplement its discovery responses as requested and requiring them to do so by April 9, 2006.

---

[16] *See* August 21, 2001 Memo from Wes Patrick to Bill Crumlett, attached hereto as Exhibit "H.

PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S DISCOVERY RESPONSES                     Page 10

Respectfully submitted,

GILLESPIE, ROZEN, WATSKY, MOTLEY & JONES, P.C.
3402 Oak Grove Avenue, Suite 200
Dallas, Texas 75204
Phone: (214) 720-2009
Fax:    (214) 720-2291

By: _____
        Hal K. Gillespie
        State Bar No. 07925500
        M. Jeanette Fedele
        State Bar No. 24040887

BARON AND BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
        Steve Baughman Jensen
        State Bar No. 00783615

TRIAL LAWYERS FOR PUBLIC JUSTICE, P.C.
1717 Massachusetts Avenue, NW, Suite 800
Washington, D.C. 20036
Phone  (202) 797-8600
Fax  (202) 232-7203
        Adele P. Kimmel
        District of Columbia Bar No. 412612

LAW OFFICES OF GAUL AND DUMONT
111 Soledad, Suite 725
San Antonio, Texas 78205
(210) 225-0685
(210) 271-9557 - Fax
        Malinda A. Gaul
        State Bar #08239800

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

Counsel for Defendants and I conferred by letter and telephone prior to filing this Motion but were unable to resolve the matters included herein without the need for Court intervention.  Defendants oppose this Motion.

_____

M. Jeanette Fedele

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was forwarded on this the 27th day of March, 2006, in the following manner to:

Cynthia Michelle Benedict
Stephen J. Romero
Fulbright & Jaworski
300 Convent Street, #2200
San Antonio, TX 78205

_____ Hand-Delivery
____✓____ U.S. Mail, postage pre-paid
_____ Certified Mail, Return Receipt Requested
_____ Overnight Express Mail/Federal Express
_____ Telecopier

_____

M. Jeanette Fedele

---

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LAUREN BROWNING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  SA-05-CA-0245-FB |
| | § | |
| SOUTHWEST RESEARCH INSTITUTE, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S OBJECTIONS AND ANSWERS TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

COMES NOW, Defendant Southwest Research Institute, and in accordance with Federal Rules of Civil Procedure, files this its Objections and Answers to Plaintiff's First Set of Interrogatories.

Dated: November 15, 2005

Respectfully submitted,

_____
Cyndi M. Benedict
State Bar No.  03322000
Stephen J. Romero
State Bar No. 24046756
300 Convent Street, Suite 2200
San Antonio, Texas  78205-3792
Telephone:  (210) 224-5575
Facsimile:  (210) 270-7205

OF COUNSEL:
FULBRIGHT & JAWORSKI L.L.P.

Counsel for Defendant
Southwest Research Institute



EXHIBIT
A

<u>CERTIFICATE OF SERVICE</u>

This pleading was served in compliance with Rule 5 of the Federal Rules of Civil Procedure by Certified Mail, Return Receipt Requested on November 1_, 2005.

Hal K. Gillespie                                     Malinda A. Gaul
M. Jeanette Fedele                              Law Offices of Gaul and Dumont
Gillespie, Rozen, Watsky, Motley &      105 South St. Mary's, Suite 950
Jones, P.C.                                          San Antonio, TX 78205
3402 Oak Grove Avenue, Suite 200
Dallas, Texas 75204

_____
                        Cyndi M. Benedict

## GENERAL OBJECTIONS

Defendant asserts the following General Objections as applicable to all of Defendant's interrogatory answers which follow unless otherwise noted, and all without waiver of these general objections.

1.     Defendant objects to Plaintiff's definition of "time period" as August 1, 1998 to present.  Defendant objects on the grounds that such time period is overly broad, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and compliance would be unduly burdensome.  Plaintiff was employed with Defendant as a regular full time employee from October 14, 2000 through May 21, 2004. Subject to and without waiver of the foregoing objections, Defendant has limited its responses to three (3) years preceding filing of the subject litigation up to Plaintiff's resignation of employment with Defendant.

2.     Defendant objects to Plaintiff's requests that Defendant state the "exact and complete reason", "state in exact detail", "state exactly" and all similar variations thereof.  The Federal Rules of Civil Procedure do not require a party to marshal all of its available proof and further states that interrogatories that ask a party to state all legal and factual assertions are improper.  Defendant cannot possibly state the precise and complete knowledge of any given person and/or any opinions such person may have formed.  Defendant further objects as interrogatories to a party is not the proper method of discovery for ascertaining the personal knowledge of others.

3.     Defendant objects to Plaintiff's request for information regarding employees of "SwRI".  Defendant objects on the grounds that information SwRI-wide is overly broad, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence, and compliance would be unduly burdensome.  Subject to and without waiver of the foregoing objections, Defendant has limited its responses to CNWRA where Plaintiff worked for the entirety of her employment with Defendant.

4.    Defendant objects to Plaintiff's interrogatories as exceeding the maximum number of interrogatories, including subparts, permitted by the Federal Rules of Civil Procedure.

**Each and every one of Defendant's following interrogatory answers is expressly made subject to and without waiver of the foregoing objections, without the necessity of repeating the foregoing text.**

## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**    Please state the exact and complete reason(s) why SwRI did not promote Plaintiff to the following positions during the time period:

    a.    Staff Scientist; or

    b.    Principal Scientist.

**ANSWER:**    Plaintiff was neither eligible nor qualified for the position of Staff Scientist or Principal Scientist.

**INTERROGATORY NO. 2:**    Please state whether any employee was hired and/or promoted to the position of Staff Scientist and/or Principal Scientist with SwRI during the time period.  For each employee hired and/or promoted to such position, please:

    a.    identify the employee hired;

    b.    state the exact and complete reason(s) for the decision to hire and/or promote the employee;

    c.    identify any person(s) consulted in making the decision and state in detail the input each person had in making the decision; and

    d.      state the exact date such decision was made and the date such decision was communicated to hired/promoted employee.

**ANSWER:**    In addition to the General Objections, Defendant further objects to this interrogatory as overly broad, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and compliance would be unduly burdensome. At no time during her employment was Plaintiff ever eligible or qualified for promotion to the position of Staff Scientist or Principal Scientist.

**INTERROGATORY NO. 3:**    For each of the following positions, please identify each person who had input into the decision not to promote Plaintiff to the position during the time period and any person(s) consulted in making the decision, and state in detail the input each person had in making the decision:

    a.      Staff Scientist; or

    b.      Principal Scientist.

**ANSWER:**    No one. At no time during her employment was Plaintiff ever eligible or qualified for promotion to the position of Staff Scientist or Principal Scientist.

**INTERROGATORY NO. 4:**    If Defendant contends that Plaintiff's performance was not satisfactory in any manner during the time period or that performance was a factor in its decision not to promote Plaintiff to a position of Staff Scientist or Principal Scientist with SwRI, please describe in detail: (1) exactly when, how and why performance was a factor and/or Plaintiff's performance was not satisfactory; (2) what actions, if any, Defendant took against Plaintiff because of her alleged unsatisfactory performance; and (3) identify each and every document and/or person containing or possessing facts supporting such contention.

**ANSWER:**    There was never a decision not to promote Plaintiff to a position of Staff Scientist or Principal Scientist . At no time during her employment was Plaintiff ever eligible or qualified for promotion to the position of Staff Scientist or Principal Scientist. As to the issue of performance, Defendant invokes FRCP Rule 33(d)

and directs Plaintiff to Plaintiff's personnel file produced by Defendant in response to Request for Production No. 6.a.

**INTERROGATORY NO. 5:**     Please describe in detail any and all policies and/or procedures (whether oral or written) established and/or maintained by Defendant concerning gender discrimination and/or retaliation which have been in effect during the time period.  For each such policy or procedure, please do the following:

     a.     set forth the language of the policy and/or procedure;

     b.     state the date the policy and/or procedure became effective;

     c.     describe the procedure whereby employees were informed of the policy and/or procedure; and

     d.     identify any and all documents containing and/or relating to the policy and/or procedure.

**ANSWER:**     In addition to the General Objections, Defendant further objects to this interrogatory as vague and overly broad to the extent it seeks "all documents…relating to the policy and/or procedure".  Subject to and without waiver of the foregoing objections, Defendant responds as follows:  Defendant invokes FRCP Rule 33(d) and directs Plaintiff to documents produced in response to Request for Production No. 7.

**INTERROGATORY NO. 6:**     Please describe in detail any and all policies and/or practices of Defendant that were in effect during the time period which concern the performance, promotion and compensation of employees.

**ANSWER:**     In addition to the General Objections, Defendant further objects to this interrogatory as vague and overly broad to the extent it seeks "all policies and/or practices…which concern the performance, promotion and compensation of employees".   Subject to and without waiver of the foregoing objections, Defendant responds as follows:  Defendant invokes FRCP Rule 33(d) and directs Plaintiff to documents produced in response to Request for Production No. 7.  See also Budhi Sagar memorandum of February 26, 1997.  For the CNWRA technical job titles in the Scientist and Engineer (SE) Career Ladder, an employee must demonstrate an ability at the Clearly Outstanding level in his or her performance evaluation for at least two consecutive performance evaluations to be eligible and

considered for promotion to the job title in the next immediate level on the SE Career Ladder.

**INTERROGATORY NO. 7:**   Please identify any and all employees who worked in the position of Staff Scientist and/or Principal Scientist with SwRI during the time period, and for each individual so identified, please provide the following information:

a.   the dates he/she held each position;

b.   his/her qualifications for the position;

c.   his/her responsibilities and/or job duties for each position;

d.   identify his/her supervisor(s) for each position;

e.   a description by category and amount of all compensation and benefits to which he/she was entitled while in each position, including but not limited to base salary, benefits, annual incentives, bonuses and/or commissions; and

f.   state any and all reasons each person is no longer in such position.

**ANSWER:**   In addition to the General Objections, Defendant further objects to this interrogatory as overly broad, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and compliance would be unduly burdensome.  Further, Defendant objects to this interrogatory to the extent that it seeks the disclosure of confidential personal and private information regarding persons who are not parties to the subject litigation. At no time during her employment was Plaintiff ever eligible or qualified for the position of Staff Scientist or Principal Scientist.

**INTERROGATORY NO. 8:**   Please identify all employees, working at Defendant's CNWRA, who earned a higher salary than Plaintiff during the time period.  For each person, please provide the following information:

a.   his/her title and/or position;

b.   dates he/she held the position(s) identified;

c.   his/her highest degree earned and date employee obtained that degree;

d.       his/her job duties;

e.       identify his/her supervisor for each position held;

f.       a description by category and amount of all compensation and benefits to which he/she was entitled while in each position, including but not limited to base salary, benefits, annual incentives, bonuses and/or commissions; and

g.       state any and all reasons each person is no longer in such position.

**ANSWER:**      In addition to the General Objections, Defendant further objects to this interrogatory as overly broad, seeks information that is neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence, and compliance would be unduly burdensome.   Defendant further objects to this interrogatory to the extent that it seeks the disclosure of confidential personal and private information regarding persons who are not parties to the subject litigation. Defendant further objects to this interrogatory as overly broad, and seeks information that is neither relevant nor calculated to lead to the discovery of admissible evidence to the extent it seeks "all reasons each person is no longer in such position".    Subject to and without wavier of the foregoing objections, Defendant responds as follows as regards employees working at Defendant's CNWRA who earned a higher salary than Plaintiff in the position of Research Scientist, Geochemistry Section, for the time period previously described:

a.       Walter A. Illman

b.       James D. Prikryl

As regards the remaining interrogatory information, Defendant invokes FRCP Rule 33(d) and directs Plaintiff to documents produced in response to Request for Production No. 6.d.

**INTERROGATORY NO. 9:**      Please state the exact and complete reason(s) for differences between Plaintiff's salary during the time period and that of employees working at Defendant's CNWRA, who earned a higher salary than Plaintiff during the time period.

**ANSWER:**      In addition to the General Objections, Defendant further objects to this interrogatory as overly broad, seeks information that is neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence, and compliance would be unduly burdensome.   Defendant further objects to this interrogatory to the extent that it seeks the disclosure of confidential personal and private information regarding persons who are not parties to the subject litigation. Subject to and without wavier of the foregoing objections, Defendant responds as follows as regards employees working at Defendant's CNWRA, cohorts and

similarly situated to Plaintiff, who earned a higher salary than Plaintiff in the position of Research Scientist for the time period previously described: Plaintiff's salary was higher than some Research Scientists and lower that others. Generally, salaries and salary increases vary for many reasons, including but not limited to experience, previous salary at former employer, starting salary, degree(s), work contribution of employee, job performance, fiscal performance of the Division, field of expertise, area of work experience and actual work area. The diversity of the skill, education, experience and project work of staff, the different values the labor market and clients will pay for different skill sets, the competition for project work, and the different performance of individuals, all impact one's salary. Additionally, see Salary Administration Program produced by Defendant in response to Request for Production No. 7.

**INTERROGATORY NO. 10:**  Please identify each person who had input into determining Plaintiff s salary and/or the salary employees working at Defendant's CNWRA, who earned a higher salary than Plaintiff during the time period, and state in detail the input each person had in making the salary determinations.

**ANSWER:**   In addition to the General Objections, Defendant further objects to this interrogatory as overly broad, seeks information that is neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence, and compliance would be unduly burdensome. Subject to and without wavier of the foregoing objections, Defendant responds as follows as regards employees working at Defendant's CNWRA, cohorts and similarly situated to Plaintiff, who earned a higher salary that Plaintiff in the position of Research Scientist for the time period previously described: Defendant cannot identify with precision the fact of and/or input of each of the following persons as regards each at issues salary decision. The following persons, however, were those in a position to provide the input as indicated.

The manager of the employee, English Pearcy, may have input on recommending salary and salary increases.

The director of the employee, Budhi Sagar, may have input on recommending salary and salary increases.

The Vice President of Division 20, Wes Patrick, may have input on setting salary and salary increases.

The Director of Human Resources, Bill Crumlett, may have input on setting salary and salary increases.

The Executive Vice President, Walt Downing, may have input on setting salary and salary increases.

The CFO and Vice President-Finance, John Sprencel, may have input on setting salary and salary increases.

The President, Dan Bates, may have input on setting salary and salary increases.

**INTERROGATORY NO. 11:**   Please identify any and all employees of Defendant who, while employed by Defendant, have applied for or attempted to be promoted to the position of Staff Scientist and/or Principal Scientist with Defendant during the time period.

**ANSWER:**    In addition to the General Objections, Defendant further objects to this interrogatory as overly broad, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and compliance would be unduly burdensome.  Defendant further objects to this interrogatory as vague to the extent it seeks information about persons who "attempted to be promoted".  At no time during her employment was Plaintiff ever eligible or qualified for promotion to the position of Staff Scientist or Principal Scientist.

**INTERROGATORY NO. 12:**   Please identify all individuals (including, but not limited to, current, past and prospective SwRI employees) who interviewed with SwRI for the position of Staff Scientist and/or Principal Scientist during the time period.

**ANSWER:**    In addition to the General Objections, Defendant further objects to this interrogatory as overly broad, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and compliance would be unduly burdensome.  At no time during her employment was Plaintiff ever eligible or qualified for the position of Staff Scientist or Principal Scientist.

**INTERROGATORY NO. 13:**   For any and all formal charges or complaints of gender discrimination and/or retaliation filed against Defendant under federal and/or state discrimination laws at any time during the time period:

a.   identify the complaining party;

b.   state the date of the formal charge or complaint;

c.   state the name of the governmental agency, if any, which investigated the formal charge or complaint;

d.   state the name of any court in which a complaint or petition was filed, including the case style and case number; and

e.   describe the outcome of the formal charge or complaint.

NOTE: for purposes of this interrogatory, the phrase "formal charge or complaint" is meant to include any charge of discrimination filed with either the EEOC, TCHR, or other state fair employment practices agency, as well as any complaint or petition filed in either federal or state courts.

**ANSWER:**   In addition to the General Objections, Defendant further objects to this interrogatory as overly broad and seeks information that is nether relevant or calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections, Defendant responds as follows as regards formal charges or complaints of gender discrimination or retaliation based on complaint of gender discrimination in CNWRA: None.

**INTERROGATORY NO. 14:**   For any internal complaints of gender discrimination and/or retaliation filed with Defendant during the time period:

a.   identify the complaining party;

b.   state the date of the internal complaint;

c.   describe Defendant's actions following such complaint;

d.   identify any and all persons who participated in any investigation into the formal complaint;

e.   describe the outcome if the investigation, if any.

NOTE: For purposes of this interrogatory, the phrase "internal complaints" refers to any verbal and/or written complaints received by Defendant's managers and/or human resource representatives.

ANSWER:    In addition to the General Objections, Defendant further objects to this interrogatory as overly broad and seeks information that is nether relevant or calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections, Defendant responds as follows as regards internal complaints of gender discrimination or retaliation based on complaint of gender discrimination in CNWRA: None.

**INTERROGATORY NO. 15:**    Please state in detail each and every fact upon which Defendant bases each and every affirmative defense to Plaintiff's claims, and identify any documents supporting such affirmative defense.

ANSWER:    Subject to and without waiver of the General Objections, Defendant will supplement this response. See all documents produced by Defendant in response to Plaintiff's First Request for Production of Documents.

**INTERROGATORY NO. 16:**    Please state the net worth of Defendant for the current and preceding calendar year, to be supplemented to the date of trial.

ANSWER:    Subject to and without waiver of the General Objections, Defendant responds as follows: Defendant does not create records according to a calendar year. Neither does Defendant create records according to net worth. See Consolidated Financial Statements from Ernst & Young produced by Defendant in response to Request for Production No. 39.

**INTERROGATORY NO. 17:**  Please identify each employee for Defendant's CNWRA received disciplined for, or an annual performance evaluation referring to: (1) the employee's attitude toward or remarks about co-workers during the time period; (2) the need demonstrate a positive attitude; (3) completion of time card; and/or (4) conduct related to business travel.  For each employee, be sure to include the date of the discipline or evaluation, as well as a detail description of the conduct for which the employee received the discipline or evaluation.

**ANSWER:**   In addition to the General Objections, Defendant further objects to this interrogatory as overly broad, seeks information that is neither relevant nor calculated to lead to the discovery of admissible evidence, and compliance would be unduly burdensome.  Subject to and without waiver of the foregoing objection, Defendant responds as follows as regards employees working at CNWRA in the position of Research Scientist for the time period previously described: Defendant will supplement this answer.

**INTERROGATORY NO. 18:**  Please describe in detail the reason(s) for the decision to remove Plaintiff from a position of lead responsibility for: (1) the Quantity and Chemistry of Water integrated subissue (QCW); and (2) review of Technical Basis Document #5 for the U.S. Nuclear Regulatory Commission.  For each, please include the identity of each person consulted in making the decision and state in detail the input each person had in making the decision; the identity of the person selected to replace Plaintiff; state the exact date such decision was made and the date such decision was communicated to Plaintiff; and state the exact date such decision was communicated to SwRI's client contacts for the projects.

**ANSWER:**   The decision to remove Plaintiff as lead came as a result of a loss of confidence in Plaintiff's attention to programmatic aspects of the Division's work for the U.S. Nuclear Regulatory Commission (NRC).  The loss of confidence in Plaintiff developed as a result of a number of individual interactions and some more public exchanges.  During a training session given by NRC staff, the NRC emphasized the importance of "risk insights" and of "risk informing" CNWRA work for the NRC high-level nuclear waste program.  At the end of the presentation, Plaintiff demonstrated disregard for the main point of the training by stating to the entire

## VERIFICATION

THE STATE OF TEXAS     §
                        §

COUNTY OF BEXAR      §

       BEFORE ME, a Notary Public, on this day personally appeared Nancy J. Anderson, Deputy General Counsel of Southwest Research Institute, known to me to be the person whose name is subscribed below, who, after being duly sworn on oath, stated the she has signed this verification of the foregoing Defendant, Southwest Research Institute's Answers to Plaintiff's First Set of Interrogatories and is duly authorized to do so; that she is informed that there is no officer of Southwest Research Institute who has personal knowledge of all of the matters stated in the foregoing responses; and that the facts stated in said response have been assembled by authorized employees and agents of Southwest Research Institute, including its legal counsel, and deponent is informed by such employees and agents that the facts stated in said responses are correct to the best of their information and belief, based on the records of Southwest Research Institute and communications with its employees.

By   _Nancy J. Anderson_

                    Nancy J. Anderson
                    Deputy General Counsel
                    Southwest Research Institute

       SUBSCRIBED AND SWORN TO BEFORE ME on this the 15th day of November, 2005, to certify which witness my hand and official seal.

_Kathryn S. Williams_

          Notary Public – State of Texas

KATHRYN S. WILLIAMS
Notary Public
State of Texas
My Comm. Exp. 09-29-2007

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LAUREN BROWNING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. SA-05-CA-0245-FB |
| | § | |
| SOUTHWEST RESEARCH INSTITUTE, | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S OBJECTIONS AND ANSWERS TO
### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW, Defendant Southwest Research Institute, and in accordance with Federal Rules of

Civil Procedure, files this its Objections and Answers to Plaintiff's First Request for Production of

Documents.

Dated: November 15, 2005

Respectfully submitted,

Cyndi M. Benedict
State Bar No. 03322000
Stephen J. Romero
State Bar No. 24046756
300 Convent Street, Suite 2200
San Antonio, Texas 78205-3792
Telephone: (210) 224-5575
Facsimile: (210) 270-7205

Counsel for Defendant
Southwest Research Institute

OF COUNSEL:
FULBRIGHT & JAWORSKI L.L.P.

EXHIBIT
B

CERTIFICATE OF SERVICE

    This pleading was served in compliance with Rule 5 of the Federal Rules of Civil Procedure by Certified Mail, Return Receipt Requested on November ___, 2005.

Hal K. Gillespie
M. Jeanette Fedele
Gillespie, Rozen, Watsky, Motley &
Jones, P.C.
3402 Oak Grove Avenue, Suite 200
Dallas, Texas 75204

Malinda A. Gaul
Law Offices of Gaul and Dumont
111 Soledad St., Suite 725
San Antonio, TX 78205

_____
Cyndi M. Benedict

## GENERAL OBJECTIONS

Defendant asserts the following General Objections as applicable to all of Defendant's request for production responses which follow unless otherwise noted or documents otherwise produced, and all without waiver of these general objections.

1.    Defendant objects to Plaintiff's definition of "time period" as August 1, 1998 to present.  Defendant objects on the grounds that such time period is overly broad, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and compliance would be unduly burdensome.  Subject to and without waiver of the foregoing objections, Defendant has limited its responses to three (3) years preceding filing of the subject litigation up to Plaintiff's resignation of employment with Defendant.

2.    Defendant objects to Plaintiff's request for information regarding employees of "SwRI".  Defendant objects on the grounds that information SwRI-wide is overly broad, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and compliance would be unduly burdensome.  Subject to and without waiver of the foregoing objections, Defendant has limited its responses to CNWRA where Plaintiff worked for the entirety of her employment with Defendant.

3.    Defendant objects to Plaintiff's instruction to produce the requested documents for inspection and copying at the law offices of Gillespie, Rozen, Watsky, Motley & Jones, P.C. in Dallas, Texas.  Defendant's location is, and Plaintiff's primary place of employment with Defendant was, in San Antonio, Texas.  The documents will be produced for inspection and copying in the law offices of Fulbright & Jaworski L.L.P., 300 Convent, Suite 2200, San Antonio, Texas 78205 at a mutually agreeable time and subject to a mutually agreed protective order for confidential and proprietary information of Defendant.

Each and every one of Defendant's following request for production responses is expressly made subject to and without waiver of the foregoing objections, without the necessity of repeating the foregoing text.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Please produce any and all non-privileged documents which were reviewed or which were identified in completing your Responses to Plaintiff's First Set of Interrogatories.

**RESPONSE:** All such documents have been produced in response to one or more of the following Requests.

**REQUEST FOR PRODUCTION NO. 2:** Please produce any and all reports or documents relating to this case prepared by or relied upon by an expert witness who will be called to testify at the trial of this case.

**RESPONSE:** Defendant has not at this time identified who, if anyone, will be called to testify as an expert witness at time of trial.  When, and if, such person is identified, Defendant will comply with production as required by the Federal Rules of Civil Procedure and any applicable scheduling order of the Court, and supplement this Response accordingly, if necessary.

**REQUEST FOR PRODUCTION NO. 3:** Please produce any and all documents relating to this case which were sent to or received from an expert witness who will be called to testify at the trial of this case.

**RESPONSE:** Defendant has not at this time identified who, if anyone, will be called to testify as an expert witness at time of trial.  When, and if, such person is identified, Defendant will comply with production as required by the Federal Rules of Civil Procedure and any applicable scheduling order of the Court, and supplement this Response accordingly, if necessary.

**REQUEST FOR PRODUCTION NO. 4:** Please produce any and all agreements, contracts, or engagement letters relating to this case which have been signed by Defendant and/or an expert witness who will be called to testify at the trial of this case.

**REQUEST FOR PRODUCTION NO. 8:**  Please produce any and all documents, recordings, or other materials that contain or summarize any written or verbal statement made by Plaintiff to Defendant or its agents or representatives which relate to any claims or defenses in this case.

**RESPONSE:**  None known of at this time other than as may be contained in Plaintiff's personnel file, materials provided by Plaintiff to the EEOC, Plaintiff's pleadings, and any other document produced by Defendant in response to Plaintiff's Requests for Production of Documents.

**REQUEST FOR PRODUCTION NO. 9:**  Please produce any and all correspondence and e-mail exchanges during the time period between Plaintiff and Defendant or its agents or representatives relating to any claim or defense alleged in this lawsuit.

**RESPONSE:**  None known of at this time other than as may be contained in Plaintiff's personnel file, materials provided by Plaintiff to the EEOC, Plaintiff's pleadings, and any other document produced by Defendant in response to Plaintiff's Requests for Production of Documents.

**REQUEST FOR PRODUCTION NO. 10:** Please produce all documents which Defendant either sent to or received from the Equal Employment Opportunity Commission and/or the Texas Commission on Human Rights concerning Plaintiff's charge of discrimination and/or retaliation, including but not limited to, any position statements and attachments.

**RESPONSE:**  Defendant objects to this request as the documents sought are equally available to Plaintiff as they are to Defendant through the EEOC and/or the TCHR.

**REQUEST FOR PRODUCTION NO. 11:** Please produce any and all organizational charts showing or reflecting Defendant as it existed at all times during the time period.

**RESPONSE:**  Defendant will produce for inspection and copying the requested documents in the San Antonio offices of Fulbright & Jaworski L.L.P. at a mutually agreeable date and time.

**REQUEST FOR PRODUCTION NO. 12:** Please produce any and all documents concerning and/or relating to each person considered for hire and/or promotion to the position of Staff Scientist with Defendant at any time during the time period.

**RESPONSE:**  In addition to the General Objections, Defendant further objects to this request as overly broad, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and compliance would be unduly burdensome.  At no time during her employment was Plaintiff ever eligible or qualified for the position of Staff Scientist.

**REQUEST FOR PRODUCTION NO. 13:** Please produce any and all documents concerning and/or relating to each person considered for hire and/or promotion to the position of Principal Scientist with Defendant at any time during the time period.

**RESPONSE:** In addition to the General Objections, Defendant further objects to this request as overly broad, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and compliance would be unduly burdensome. At no time during her employment was Plaintiff ever eligible or qualified for the position of Principal Scientist.

**REQUEST FOR PRODUCTION NO. 14:** Please produce all documents relating to Plaintiff not being promoted to the position of Staff Scientist with Defendant during the time period.

**RESPONSE:** In addition to the General Objections, Defendant further objects to this request as overly broad, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and compliance would be unduly burdensome. At no time during her employment was Plaintiff ever eligible or qualified for the position of Staff Scientist. Subject to and without waiver of the foregoing objections, see generally Plaintiff's personnel file, Defendant's policies and procedures for promotion, and related job qualification documents produced by Defendant pursuant to Request No. 6.a. and 7.

**REQUEST FOR PRODUCTION NO. 15:** Please produce all documents relating to Plaintiff not being promoted to the position of Principal Scientist with Defendant during the time period.

**RESPONSE:** In addition to the General Objections, Defendant further objects to this request as overly broad, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and compliance would be unduly burdensome. At no time during her employment was Plaintiff ever eligible or qualified for the position of Principal Scientist. Subject to and without waiver of the foregoing objections, see generally Plaintiff's personnel file, Defendant's policies and procedures for promotion, and related job qualification documents produced by Defendant pursuant to Request No. 6.a. and 7.

**REQUEST FOR PRODUCTION NO. 16:** Please produce all documents relating to Plaintiff's salary, benefits and raises during the time period.

**RESPONSE:** See documents produced in response to Request No. 6.a. See also policies and practices regarding salary and benefits produced in response to Request No. 7.

In addition, Defendant will produce for inspection and copying the requested documents in the San Antonio offices of Fulbright & Jaworski L.L.P. at a mutually agreeable date and time.

**RESPONSE:** Defendant objects to this request as assuming facts not in evidence.  Plaintiff received a salary increase in accord with Defendant's practices.  Therefore, there and no documents as to not receiving such an increase.  Subject to and without waiver of the foregoing objections, see documents produced in response to Request No. 6.a. and policies and practices regarding promotion, salaries, performance appraisals, and career ladders produced in response to Request No. 7.

**REQUEST FOR PRODUCTION NO. 21:** Please produce all documents which concern or relate to the reasons Defendant did not adjust Plaintiff's position and/or salary at any time on or about her February 9, 2000 performance evaluation.

**RESPONSE:** Defendant objects to this request as assuming facts not in evidence.  Defendant further objects to this request as outside the time scope of the relevant period.  On February 9, 2000, Plaintiff was not a regular employee of Defendant.  Plaintiff received a salary increase in accord with Defendant's practices.  Therefore, there and no documents as to not receiving such an increase.  Subject to and without waiver of the foregoing objections, see documents produced in response to Request No. 6.a. and policies and practices regarding promotion, salaries, performance appraisals, and career ladders produced in response to Request No. 7.

**REQUEST FOR PRODUCTION NO. 22:** Please produce all documents which concern or relate to the reasons Defendant did not adjust Plaintiff's position and/or salary at any time on or about her August 23, 1999 performance evaluation.

**RESPONSE:** Defendant objects to this request as assuming facts not in evidence.  Defendant further objects to this request as outside the time scope of the relevant period.  On August 23, 1999, Plaintiff was not a regular employee of Defendant.  Subject to and without waiver of the foregoing objections, see documents produced in response to Request No. 6.a. and policies and practices regarding promotion, salaries, performance appraisals, and career ladders produced in response to Request No. 7.

**REQUEST FOR PRODUCTION NO. 23:** Please produce any and all documents which concern and/or relate to Defendant's decision to promote or hire any employee to the position of Staff Scientist with Defendant during the time period.

**RESPONSE:** In addition to the General Objections, Defendant further objects to this request as overly broad, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and compliance would be unduly burdensome.  At no time during her employment was Plaintiff ever eligible or qualified for the position of Staff Scientist.

**REQUEST FOR PRODUCTION NO. 24:** Please produce any and all documents which concern and/or relate to Defendant's decision not to promote Plaintiff to a Principal Scientist position with SwRI during the time period.

**RESPONSE:** In addition to the General Objections, Defendant further objects to this request as duplicative of Request No. 15, overly broad, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and compliance would be unduly burdensome.   At no time during her employment was Plaintiff ever eligible or qualified for the position of Principal Scientist.  Subject to and without waiver of the foregoing objections, see generally Plaintiff's personnel file, Defendant's policies and procedures for promotion, and related job qualification documents produced by Defendant pursuant to Plaintiff's Requests for Production.

**REQUEST FOR PRODUCTION NO. 25:** Please produce any and all documents relating to any alleged legitimate, non-discriminatory reason for Plaintiff not being promoted to a Staff Scientist Position with Defendant during the time period.

**RESPONSE:** In addition to the General Objections, Defendant further objects to this request as duplicative of Request No. 14, overly broad, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and compliance would be unduly burdensome.   At no time during her employment was Plaintiff ever eligible or qualified for the position of Staff Scientist.  Subject to and without waiver of the foregoing objections, see generally Plaintiff's personnel file, Defendant's policies and procedures for promotion, and related job qualification documents produced by Defendant pursuant to Plaintiff's Requests for Production.

**REQUEST FOR PRODUCTION NO. 26:** Please produce any and all documents relating to any alleged legitimate, non-discriminatory reason for Plaintiff not being promoted to a Principal Scientist with Defendant during the time period.

**RESPONSE:** In addition to the General Objections, Defendant further objects to this request as duplicative of Request No. 15, overly broad, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and compliance would be unduly burdensome.   At no time during her employment was Plaintiff ever eligible or qualified for the position of Principal Scientist.  Subject to and without waiver of the foregoing objections, see generally Plaintiff's personnel file, Defendant's policies and procedures for promotion, and related job qualification documents produced by Defendant pursuant to Plaintiff's Requests for Production.

**REQUEST FOR PRODUCTION NO. 27:** Please produce any and all documents concerning and/or relating to the compensation/benefits package(s) made available to person(s) holding the Staff Scientist position with Defendant during the time period, as well as the salary history of each such person during the time period.

**RESPONSE:** In addition to the General Objections, Defendant further objects to this request as overly broad, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and compliance would be unduly burdensome. Further, Defendant objects to this request to the extent that it seeks the disclosure of confidential personal and private information regarding persons who are not parties to the subject litigation. At no time during her employment was Plaintiff ever eligible or qualified for the position of Staff Scientist.

**REQUEST FOR PRODUCTION NO. 28:** Please produce any and all documents which concern and/or relate to bonuses, incentives and/or commissions paid to each and every person employed in the position of Staff Scientist with Defendant during the time period.

**RESPONSE:** In addition to the General Objections, Defendant further objects to this request as overly broad, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and compliance would be unduly burdensome. Further, Defendant objects to this request to the extent that it seeks the disclosure of confidential personal and private information regarding persons who are not parties to the subject litigation. At no time during her employment was Plaintiff ever eligible or qualified for the position of Staff Scientist.

**REQUEST FOR PRODUCTION NO. 29:** Please produce any and all performance evaluations relating to each and every person employed in the position of Staff Scientist with Defendant during the time period.

**RESPONSE:** In addition to the General Objections, Defendant further objects to this request as overly broad, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and compliance would be unduly burdensome. Further, Defendant objects to this request to the extent that it seeks the disclosure of confidential personal and private information regarding persons who are not parties to the subject litigation. At no time during her employment was Plaintiff ever eligible or qualified for the position of Staff Scientist.

**REQUEST FOR PRODUCTION NO. 30:** Please produce any and all documents which concern and/or relate to the performance of each and every person employed in the position of Staff Scientist with Defendant during the time period.

**RESPONSE:** In addition to the General Objections, Defendant further objects to this request as duplicative of Request No. 29, overly broad, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and compliance would be unduly burdensome. Further, Defendant objects to this request to the extent that it seeks the disclosure of confidential personal and private information regarding persons who are not parties to the subject litigation. At no time during her employment was Plaintiff ever eligible or qualified for the position of Staff Scientist.

**REQUEST FOR PRODUCTION NO. 31:** Please produce any and all documents concerning and/or relating to the compensation/benefits package(s) made available to person(s) holding the Staff Scientist position with Defendant during the time period.

**RESPONSE:** In addition to the General Objections, Defendant further objects to this request as duplicative of Request No. 27, overly broad, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and compliance would be unduly burdensome. Further, Defendant objects to this request to the extent that it seeks the disclosure of confidential personal and private information regarding persons who are not parties to the subject litigation. At no time during her employment was Plaintiff ever eligible or qualified for the position of Staff Scientist.

**REQUEST FOR PRODUCTION NO. 32:** Please produce any and all documents which concern and/or relate to bonuses, incentives and/or commissions paid to each and every person employed in the position of Principal Scientist with Defendant during the time period.

**RESPONSE:** In addition to the General Objections, Defendant further objects to this request as, overly broad, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and compliance would be unduly burdensome. Further, Defendant objects to this request to the extent that it seeks the disclosure of confidential personal and private information regarding persons who are not parties to the subject litigation. At no time during her employment was Plaintiff ever eligible or qualified for the position of Principal Scientist.

**REQUEST FOR PRODUCTION NO. 33:** Please produce any and all documents which concern and/or relate to the performance of each and every person employed in the position of Principal Scientist during the time period.

**RESPONSE:** In addition to the General Objections, Defendant further objects to this request as, overly broad, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and compliance would be unduly burdensome. Further, Defendant objects to this request to the extent that it seeks the disclosure of confidential personal and private information regarding persons who are not parties to the subject litigation. At no time during her employment was Plaintiff ever eligible or qualified for the position of Principle Scientist.

**RESPONSE:** Defendant reasserts as applicable herein all objections raised in its answer to each of Interrogatory No. 3, 10 and 18. Defendant further objects to this request as assuming facts not in evidence. There were no complaints, claims and/or charges of sex/gender discrimination and/or retaliation against the persons identified. Subject to and without waiver of the foregoing objections, Defendant responds as follows: None.

**REQUEST FOR PRODUCTION NO. 38:** Please produce any and all documents concerning and/or relating to any punishment, disciplinary action, consultation or training given to any employee at any time during the time period as a result of complaints, claims and/or charges of sex/gender discrimination and/or retaliation.

**RESPONSE:** In addition to the General Objections, Defendant further objects to this request as overly broad and seeks information that is nether relevant or calculated to lead to the discovery of admissible evidence. Defendant further objects to this request as assuming facts not in evidence. There were no complaints, claims and/or charges of sex/gender discrimination and/or retaliation in CNWRA. Subject to and without waiver of the foregoing objection, Defendant responds as follows as regards complaints, claims and/or charges of gender discrimination or retaliation based on complaint of gender discrimination: None.

**REQUEST FOR PRODUCTION NO. 39:** Please produce any and all documents which discloses Defendant's net worth for the current and five preceding fiscal years.

**RESPONSE:** Defendant does not have documentation reflecting net worth. Subject to the General Objections, Defendant will produce responsive documents as to Consolidated Financial Statements from Ernst & Young. Such documents will be produced for inspection and copying in the San Antonio offices of Fulbright & Jaworski L.L.P. at a mutually agreeable date and time.

**REQUEST FOR PRODUCTION NO. 40:** Please produce any and all documents which concern and/or relate to communications during the time period between SwRI's employees and SwRI's human resources department concerning Plaintiff.

**RESPONSE:** In addition to the General Objections, Defendant further objects to this request as vague, overly broad, duplicative, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and compliance would be unduly burdensome. Subject to and without waiver of the foregoing objections, Defendant responds as follows: See documents produced in response by Defendant in response to Request Nos. 6.a., 7, and 16.

**REQUEST FOR PRODUCTION NO. 41:** Please produce any and all documents that SwRI provided to the U.S. Department of Labor which concern and/or relate to any U.S. Department of Labor audit of SwRI during the time period.

**RESPONSE:** In addition to the General Objections, Defendant further objects to this interrogatory as overly broad and seeks information that is nether relevant or calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 42:** Please produce any and all documents that concern and/or relate to research areas CNWRA planned and/or did develop from 2002 to the present.

**RESPONSE:** Subject to the General Objections, and entry of a protective order, Defendant will produce for inspection and copying the requested documents in the San Antonio offices of Fulbright & Jaworski L.L.P. at a mutually agreeable date and time.

**REQUEST FOR PRODUCTION NO. 43:** Please produce any and all documents that concern and/or relate to Defendant's assertion that Plaintiff's skills in math and geophysics affected Plaintiff's salary during the time period.

**RESPONSE:** See such documents as may be contained in response to Request No. 6.a. and 7.

**REQUEST FOR PRODUCTION NO. 44:** Please produce any and all documents that concern and/or relate to Defendant's assertion that Plaintiff's Master and Ph.D. degrees were allegedly not from the "highest ranked universities" and how the source of Plaintiff's degrees affected Plaintiff's salary during the time period.

**RESPONSE:** See such documents as may be contained in response to Request No. 6.a. and 7.

**REQUEST FOR PRODUCTION NO. 45:** Please produce any and all documents that concern and/or relate to Defendant's assertion that Plaintiff's verbal salary requests during initial negotiations over her salary in 1998 affected Plaintiff's salary at the time she was hired and during the time period.

**RESPONSE:** See such documents as may be contained in response to Request No. 6.a. and 7.

**REQUEST FOR PRODUCTION NO. 46:** Please produce any and all documents that concern and/or relate to Defendant's assertion that Plaintiff's alleged lack of "direct experience" related to CNWRA affected Plaintiff's salary during the time period.

**RESPONSE:** See such documents as may be contained in response to Request No. 6.a. and 7.

**REQUEST FOR PRODUCTION NO. 47:** Please produce any and all documents that concern, relate to and/or describes the "direct experience" CNWRA requires to achieve salary levels higher than Plaintiff's.

**RESPONSE:** See such documents as may be contained in response to Request No. 6.a. and 7.

**REQUEST FOR PRODUCTION NO. 48:** Please produce any and all documents that concern and/or relate to Defendant's assertion that Plaintiff's previous experience was allegedly not highly relevant to CNWRA's work and how Plaintiff's alleged lack of relevant previous experience affected Plaintiff's salary during the time period.

**RESPONSE:** See such documents as may be contained in response to Request No. 6.a. and 7.


**REQUEST FOR PRODUCTION NO. 49:** Please produce any and all documents that concern and/or relate to Defendant's assertion that Plaintiff's previous salary affected and/or justified affected Plaintiff's salary at the time she was hired and during the time period.

**RESPONSE:** See such documents as may be contained in response to Request No. 6.a. and 7.


**REQUEST FOR PRODUCTION NO. 50:** Please produce any and all documents that concern and/or relate all offers of employment for the position of Research Scientist, Staff Scientist and/or Principal Scientist during the time period.

**RESPONSE:** In addition to the General Objections, Defendant further objects to this request as overly broad, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and compliance would be unduly burdensome. At no time during her employment was Plaintiff ever eligible or qualified for the position of Staff Scientist or Principal Scientist. Defendant, as regards the position of Research Scientist in CNWRA, will produce for inspection and copying the requested documents in the San Antonio offices of Fulbright & Jaworski L.L.P. at a mutually agreeable date and time.


**REQUEST FOR PRODUCTION NO. 51:** Please produce any and all documents that concern and/or relate to Defendant's assertion that Plaintiff's math and geophysical skills justified a lower salary offer than that offered to J. Arnason.

**RESPONSE:** In addition to the General Objections, Defendant further objects to this request as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections, see such documents as may be contained in response to Request No. 6. and 7.


**REQUEST FOR PRODUCTION NO. 52:** Please produce any and all documents that concern and/or relate to Defendant's assertion that Plaintiff's "novice" status in 1998 as a user of SUPCRT and/or EQ3/6 affected Plaintiff's salary at the time she was hired and during the time period.

LAW OFFICES OF

## GILLESPIE, ROZEN, WATSKY, MOTLEY & JONES, P.C.

A TEXAS PROFESSIONAL CORPORATION

3402 OAK GROVE AVE
SUITE 200
DALLAS, TEXAS 75204

DALLAS (214) 720-2009
METRO (972) 988-3357
FAX (214) 720-2291
866 302 LEGAL

February 6, 2006

Hal K  Gillespie *
Yona Rozen *
David K  Watsky *
Susan D  Motley *
James A  Jones
Cheryl R. Drazin
Joseph H. Gillespie
Karla S  Jackson
Christopher L  Green
M  Jeanette Fedele
James D  Sanford

* Board Certified Labor and Employment Law
Texas Board of Legal Specialization

*Via Facsimile - (210) 270-7205*
*and U.S. Mail*

Cynthia M. Benedict
Stephen L. Romero
Fulbright & Jaworski
300 Convent Street, Suite 2200
San Antonio, Texas 78205-3792

  **Re:** ***Lauren Browning vs. Southwest Research Institute***
    ***Civil Action No. SA-05-CA-0245-XR***

Dear Ms. Benedict:

  I am writing to follow up on various objections in your client's discovery responses so that we can explore areas on which we may reach an agreement and areas in which a motion to compel may be necessary.  I would like to resolve or at least narrow the items that are currently in dispute.

### DOCUMENT PRODUCTION

  Please provide all supplementation and produce hard copies of any and all responsive documents referenced in Defendant's responses to Plaintiff's Interrogatories and Defendant's responses to Plaintiff's Request for Production of Documents as soon as possible, but no later than **February 17, 2006**.[1]

### Relevant Time Period - All Discovery Responses

  Plaintiff defined the relevant time period as August 1, 1998 to the present (Instruction and Definition "i" of interrogatory requests and Instruction and Definition "d" of request for production). Defendant limits the answers and responses to the fifteen-month time period of March 2002 to May 2004, citing that Plaintiff was employed as a regular full time employee from October 14, 2000 to May 21, 2004.  Defendant's objections are misplaced and could affect all of Defendant's answers. Plaintiff's request for information and documents related to the defined time period is not

---

  [1] Please note that Plaintiff is unable to accept the documents on disk.  Due to the manner in which Defendant's original December 16, 2005 document production was saved onto disk, the process of obtaining copies suitable for review was unreasonably time-consuming and expensive for Plaintiff.

**EXHIBIT**

C

tabbies®

Cynthia M. Benedict
Stephen L. Romero
February 6, 2006
Page 2

unreasonable, overly broad or unduly burdensome in this case.   Plaintiff was an employee of Southwest Research Institute ("SwRI") from December 7, 1998 to May 21, 2004.   Plaintiff has brought a claim under the Equal Pay Act for Defendant's violations of that act beginning with Defendant's original salary offer in December 1998, and continuing throughout Plaintiff's tenure with Defendant.   Plaintiff further alleges violations of Title VII, which occurred during her employment with Defendant.   Neither of these limit employer's liability to its actions against only "regular full time employees."   Clearly, information and documents related to Southwest Research Institute ("SwRI") during and after Plaintiff's termination are relevant to Plaintiff's case.   Please supplement Defendant's responses and answers to include information from August 2, 1998 to the present.

## INTERROGATORIES

### Interrogatory No. 2

Other than to object, Defendant failed to respond to this interrogatory.  The interrogatory requests information regarding any employee hired and/or promoted to the position of Staff Scientist and/or Principal Scientist with SwRI during the time period.  However, Defendant merely re-states its contention that Plaintiff was not eligible or qualified for promotion to these positions.  Regardless of Defendant's contentions as to Plaintiff's eligibility or qualification, information related to SwRI's hire or promotion of other employees is clearly relevant to this lawsuit.  Defendant's current answer is non-responsive to the interrogatory.  Therefore, please supplement Defendant's responses and answers to provide an answer to this interrogatory.

### Interrogatory No. 3

Interrogatory No. 3 seeks the identities of the individuals having input into the decision not to promote Plaintiff. According to Defendant's response to Interrogatory 6, promotion is contingent, in part, upon receipt of "Clearly Outstanding" performance evaluations.  Therefore it is misleading to state that "No one" had input into a decision not to promote Plaintiff.  Accordingly, Defendants need to supplement these answers to identify each person who had input into the decision(s) not to promote Plaintiff, including those with input into Plaintiff's performance rankings.

### Interrogatory No. 7

Other than to object, Defendant failed to respond to this interrogatory.  Instead, Defendant merely re-states its contention that Plaintiff was not eligible or qualified for promotion to these positions.  Interrogatory No. 7 seeks information relating to the job duties, qualifications for and compensation of persons holding Staff Scientist and/or Principal Scientist position. Plaintiff's Equal Pay Act claim involves a comparison and analysis of jobs that require substantially equal skill, effort

Cynthia M. Benedict
Stephen L. Romero
February 6, 2006
Page 3

and responsibility. It is not necessary for the jobs to be identical to Plaintiff's former job. Plaintiff is entitled to compare the respective job duties, qualifications and compensation of employees holding these positions. Additionally, any confidential personal and private information is amply protected by the Agreed Protective Order the parties have filed with the court. Defendant needs to provide answers to the interrogatory.

### Interrogatory No. 8

Interrogatory No. 8 seeks information, such as titles, job duties, qualifications and compensation, regarding CNWRA employees who earned a higher salary than Plaintiff. This information is clearly relevant to Plaintiff's Equal Pay Act claim. Plaintiff is entitled to compare the respective job duties, qualifications and compensation of employees earning greater salary amounts than did she. Additionally, any confidential personal and private information is amply protected by the Agreed Protective Order the parties have filed with the court. Therefore, Defendant should supplement this answer.

### Interrogatory No. 10

Defendant's response to this interrogatory needs to be supplemented. The interrogatory requests the identities of persons having input into determining Plaintiff's salary as well as the salary of employees working at Defendant's CNWRA, who earned a higher salary than Plaintiff. Defendant responds in part, " Defendant responds as follows as regards to employees working at Defendant's CNWRA, cohorts and similarly situated to Plaintiff, who earned a higher salary that Plaintiff in the position of Research Scientist for the time period previously described . . . ." Based on this preamble, it is unclear whether Defendant's response encompasses the decision-makers regarding the salaries for all CNWRA employees who earned more than Plaintiff, or if Defendant's response is limited only to those having input as to the salaries of Research Scientists who earned more than Plaintiff. To the extent that Defendant's response was limited to salary decisions for Research Scientists alone, Defendants need to supplements its response to identify those having input as to the salaries of all CNWRA scientists who earned more than Plaintiff.

### Interrogatory Nos. 11 & 12

Other than to object, Defendant failed to respond to this interrogatory. The interrogatory requests information regarding any employee who applied for or sought promotion to (Interrogatory No. 11), or interviewed for (Interrogatory No. 12), the position of Staff Scientist and/or Principal Scientist with SwRI during the time period. However, Defendant merely re-states its contention that Plaintiff was not eligible or qualified for promotion to these positions. Regardless of Defendant's contention as to Plaintiff's eligibility or qualification, information related to SwRI's treatment of other employees' expressed interest in promotion to, or interviews for, these positions is clearly

Cynthia M. Benedict
Stephen L. Romero
February 6, 2006
Page 4

relevant to this lawsuit.  Defendant's current answer is non-responsive to the interrogatory.
Therefore, please supplement Defendant's responses and answers to provide an answer to these
interrogatories.

### Interrogatory No. 15

Defendant stated that it will supplement this response.  Please provide Defendant's
supplemental answer.

### Interrogatory No. 17

Other than to object, Defendant failed to respond to this interrogatory.  The interrogatory
requests information related to each CNWRA employee Defendant disciplined for attitude, time card
and business travel  issues.  This interrogatory is neither overly broad nor unduly burdensome.
Whether and how Defendant disciplined other CNWRA employees for conduct for which Plaintiff
was disciplined is unquestionably relevant to Plaintiff's Title VII claims.   Therefore, please
supplement Defendant's responses and answers to provide an answer to this interrogatory.

## REQUESTS FOR PRODUCTION

### Request for Production No. 6

This request seeks the personnel file and payroll records of Plaintiff and employees identified
in certain interrogatories.

Defendant has agreed to produce and has produced only limited documents, including
documents from Plaintiff's personnel records. Additionally, based on its objections to Interrogatory
Nos. 2, 7, 8, 11, 12 and 17,[2] Defendant has further narrowed this already limited production to
documents contained in the personnel files of only two individuals. As described above, Production
of documents from the personnel files of all individuals whose information is responsive to
Interrogatory Nos. 2, 7, 8, 11, 12, 17 and 18 is necessary as such documents are highly relevant to
Plaintiff's claims in this matter.

Keep in mind that "personnel file" includes any record kept on the employee in question,
whether or not the information is in a single file or kept in the same location.  *See In re Lavernia
Nursing Facility, Inc.*, 12 S.W.3d 566, 570 (Tex. App. - San Antonio 1999, no writ); *Director, State
Employees Workers' Comp. Div. v. Dominguez*, 786 S.W.2d 68, 71 (Tex. App. - El Paso 1990, no
writ) (supervisor's unfavorable handwritten notes were part of personnel file even though not kept

---

[2]  Defendant notes its objections to Interrogatory No. 18.  However, this response includes no objection.

Cynthia M. Benedict
Stephen L. Romero
February 6, 2006
Page 5

in the official file).

Case law is clear that personnel files of other employees, including an employee's supervisor, are discoverable. *See, e.g., Coughlin v. Lee*, 946 F.2ed 1152, 1159 (5th Cir. 1991)(noting that in cases where plaintiffs are required to demonstrate pretext, "courts have customarily allowed a wide discovery of personnel files"); *Lyoch v. Anheuser-Busch Cos.*, 164 F.R.D. 62, 68-69 (E.D. Mo. 1995) (compelling production of supervisor's personnel file).

Any confidential personal and private information is amply protected by the Agreed Protective Order the parties have filed with the court. Therefore, please supplement Defendant's answer and produce the requested personnel files by **February 17, 2006**.

### Request for Production No. 8-9

Please supplement Defendant's responses and produce the requested documents if responsive materials have been located.

### Request for Production Nos. 12 and 13

These requests seek documents relating to Defendant's consideration of any person for hire or promotion to the positions of Staff Scientist and/or Principal Scientist. As with Interrogatory No. 7, documents related to SwRI's hire and/or promotion of other persons to these positions are relevant to this lawsuit. Whether Plaintiff was eligible or qualified for these positions is, in part, what is at issue in this suit and therefore clearly relevant. Defendant needs to supplement its responses and produce the requested documents.

### Request for Production Nos. 17-22

These requests seek, in part, documents relating to the reason(s) Defendant did not adjust Plaintiff's position after her January 29, 2004, January 29, 2003, 2002, February 1, 2001, February 9, 2000 and August 23, 1999 performance evaluations (several of which contained Plaintiff's requested to be considered for a higher position). Defendant states that it has produced documents regarding the "policies and practices regarding promotion, salaries, performance appraisals, and career ladders." However, these documents – particularly those involving salaries – have been redacted to the point that only information relating to the Research Scientist position is produced. As for the documents regarding Defendant's career ladder, only the pages relating to the Research Scientist position have been produced. Once again, regardless of Defendant's contention that Plaintiff was not qualified for positions other than that of Research Scientist, documents related to salary ranges, promotions and career ladder practices for positions above Research Scientist are

Cynthia M. Benedict
Stephen L. Romero
February 6, 2006
Page 6

required for the analysis of Plaintiff's claims and are clearly relevant. Defendant needs to supplement its responses and produce un-redacted and unedited documents pertaining to its salary, promotion and career ladder practices.

### Request for Production No. 23

Other than to object, Defendant failed to respond to this request. Instead, Defendant merely re-states its contention that Plaintiff was not eligible or qualified for promotion to the positions. This request seeks documents relating to Defendant's decision to promote or hire any employee to the positions of Staff Scientist and/or Principal Scientist during the time period. Regardless of Defendant's position as to Plaintiff's eligibility or qualification, information relating to SwRI's promotion or hire of other individuals to these positions is clearly relevant to this lawsuit. Analysis under Plaintiff's Equal Pay Act Claim does not require that the jobs be identical. Whether Plaintiff was performing job duties requiring substantially equal skill, effort and responsibility as those in positions higher than hers is at issue in this suit. Therefore, please supplement Defendant's response and produce documents responsive to this request.

### Request for Production Nos. 27, 28 and 32

These requests seek documents relating to the compensation and benefits available to persons holding the Staff Scientist position at SwRI as well as salary history information. As part of the dispute in this matter with regards to whether Plaintiff was performing higher level work than that reflected by her position rank and salary, such materials are relevant. Any confidential and private information of non-parties is amply protected by the Agreed Protective Order the parties have filed with the court. Therefore, please supplement Defendant's responses and produce the requested documents.

### Request for Production No. 41

Other than to object that the request is overly broad and not relevant, Defendant failed to respond to this request. This request seeks production of documents SwRI provided to the U.S. Department of Labor ("DOL") concerning any DOL audit of SwRI done during the time period. Because DOL audits of employers are relatively rare, this request is not overly broad. Plaintiff presumes that SwRI has not undergone a DOL audit of its compensation practices more than once or twice during the eight years that comprises Plaintiff's defined "time period." Additionally, any governmental audit of SwRI's compensation practices would include documents relevant to Plaintiff's Equal Pay Act claim. Defendant should supplement its response and produce the requested documents.

Cynthia M. Benedict
Stephen L. Romero
February 6, 2006
Page 7

**Request for Production No. 50.**

      Over several objections, Defendant agreed to produce documents relating to offers of employment it has extended. However, Defendant has limited production of responsive documents to offers for the Research Scientist position. Part of the dispute in this matter regards whether Plaintiff was performing higher level work than that reflected by her position rank and salary. Thus, documentation relating to offers of employment for any Scientist position in CNWRA – including Senior Research Scientist, Principal Scientist and Staff Scientist – is relevant. Any confidential and private information of non-parties is amply protected by the Agreed Protective Order the parties have filed with the court. Therefore, please supplement Defendant's response and produce the requested documents.

    **Conclusion**

      Please discuss these matters with your client and give me a call as soon as possible to indicate whether we can reach agreement on these issues or whether a motion to compel will be necessary. Hal and I are available for a conference call if you believe that would assist us in resolving these matters.

      To assist us in addressing these issues in a timely matter, please produce any responsive documents previously withheld and respond to these matters as soon as possible, but no later than **February 17, 2006**.

      Thank you for your cooperation. I look forward to hearing from you soon.

              Very truly yours,

              GILLESPIE, ROZEN, WATSKY, MOTLEY & JONES, P.C.

              By:_____
                M. Jeanette Fedele

MJF:ps

cc:    Hal K. Gillespie

       Steve Baughman Jensen (Via E-Mail)
       Adele P. Kimmel (Via E-Mail)
       Malinda A. Gaul (Via E-Mail)

# FULBRIGHT & JAWORSKI L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
300 CONVENT STREET, SUITE 2200
SAN ANTONIO, TEXAS 78205-3792
WWW.FULBRIGHT.COM



CYNDI M. BENEDICT
PARTNER
CBENEDICT@FULBRIGHT.COM

DIRECT DIAL:    (210) 270-7120
TELEPHONE:     (210) 224-5575
FACSIMILE:      (210) 270-7205

February 17, 2006

**VIA FACSIMILE AND U.S. MAIL**

Ms. M. Jeanette Fedele
Gillespie, Rozen, Watsky, Motley & Jones, P.C.
3402 Oak Grove Avenue, Suite 200
Dallas, Texas 78504

Re:    Civil Action No. SA-05-CA-0245-FB; *Lauren Browning v. Southwest Research Institute*; In the United States District Court, Western District of Texas, San Antonio, Division

Dear Ms. Fedele:

On behalf of our client, Southwest Research Institute, I have reviewed and considered at length your correspondence of February 6, 2006 requesting Defendant's removal of objections to the various discovery requests propounded by Plaintiff via Interrogatories and Requests for Production. Please be advised that after careful review and consideration of the issues addressed in your February 6 correspondence for removal of Defendant's objections, Defendant finds such objections to be fully warranted based on the facts, circumstances and allegations asserted in the subject litigation. Defendant, as stated, has identified specific portions of Plaintiff's discovery requests to be overly broad, seeking of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and for which compliance would be unduly burdensome; therefore, Defendant stands on its objections.

Your February 6, 2006 letter also requests Defendant's supplementation of certain answers and responses on which Defendant stated supplementation would, in fact, be made. You have requested this supplementation by today, February 17, 2006. Please be advised that while Defendant fully intends to, and will, provide the requested supplementation we cannot agree to your February 17 deadline. Defendant will, however, provide supplementation to those Interrogatories and/or Requests for Production as was indicated in Defendant's original responses. Defendant will make such supplementation on or before February 27, 2006.

Very truly yours,

*Cyndi M Benedict*

Cyndi M. Benedict

CMB/eai

31079007 1

HOUSTON • NEW YORK • WASHINGTON DC • AUSTIN • DALLAS • LOS ANGELES • MINNEAPOLIS • SAN ANTONIO
DUBAI • HONG KONG • LONDON • MUNICH • RIYADH

Ms. M. Jeanette Fedele
February 17, 2006
Page 2


cc:   Ms. Malinda A. Gaul
      Law Offices of Gaul and Dumont
      111 Soledad, Suite 725
      San Antonio, Texas  78205

.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LAUREN BROWNING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  SA-05-CA-0245-FB |
| | § | |
| SOUTHWEST RESEARCH INSTITUTE, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S FIRST SUPPLEMENT TO DEFENDANT'S OBJECTIONS AND
ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

COMES NOW, Defendant Southwest Research Institute, and in accordance with Federal

Rules of Civil Procedure, files this its First Supplement to Defendant's Objections and Answers

to Plaintiff's First Set of Interrogatories.

Dated: February 27, 2006

Respectfully submitted,

Cyndi M. Benedict
State Bar No.  03322000
Stephen J. Romero
State Bar No. 24046756
300 Convent Street, Suite 2200
San Antonio, Texas  78205-3792
Telephone:  (210) 224-5575
Facsimile:  (210) 270-7205

OF COUNSEL:
FULBRIGHT & JAWORSKI L.L.P.

Counsel for Defendant
Southwest Research Institute

**EXHIBIT
D**

31083408 2/10506983

<u>CERTIFICATE OF SERVICE</u>

This pleading was served in compliance with Rule 5 of the Federal Rules of Civil Procedure by Certified Mail, Return Receipt Requested on February 27, 2006.

Hal K. Gillespie
M. Jeanette Fedele
Gillespie, Rozen, Watsky, Motley &
Jones, P.C.
3402 Oak Grove Avenue, Suite 200
Dallas, Texas  75204

Malinda A. Gaul
Law Offices of Gaul and Dumont
105 South St. Mary's, Suite 950
San Antonio, TX  78205

_____
Cyndi M. Benedict

## GENERAL OBJECTIONS

For purposes of clarity and consistency, Defendant reiterates and reasserts the General Objections set forth in Defendant's Objections and Answers to Plaintiff's First Set of Interrogatories. Defendant asserts the following General Objections as applicable to all of Defendant's interrogatory answers which follow unless otherwise noted, and all without waiver of these general objections.

1.      Defendant objects to Plaintiff's definition of "time period" as August 1, 1998 to present. Defendant objects on the grounds that such time period is overly broad, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and compliance would be unduly burdensome. Plaintiff was employed with Defendant as a regular full time employee from October 14, 2000 through May 21, 2004. Subject to and without waiver of the foregoing objections, Defendant has limited its responses to three (3) years preceding filing of the subject litigation up to Plaintiff's resignation of employment with Defendant.

2.      Defendant objects to Plaintiff's requests that Defendant state the "exact and complete reason", "state in exact detail", "state exactly" and all similar variations thereof. The Federal Rules of Civil Procedure do not require a party to marshal all of its available proof and further states that interrogatories that ask a party to state all legal and factual assertions are improper. Defendant cannot possibly state the precise and complete knowledge of any given person and/or any opinions such person may have formed. Defendant further objects as interrogatories to a party is not the proper method of discovery for ascertaining the personal knowledge of others.

3.      Defendant objects to Plaintiff's request for information regarding employees of "SwRI". Defendant objects on the grounds that information SwRI-wide is overly broad, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and compliance would be unduly burdensome.  Subject to and without waiver of the foregoing objections, Defendant has limited its responses to CNWRA where Plaintiff worked for the entirety of her employment with Defendant.

4.      Defendant objects to Plaintiff's interrogatories as exceeding the maximum number of interrogatories, including subparts, permitted by the Federal Rules of Civil Procedure.

**Each and every one of Defendant's following interrogatory answers is expressly made subject to and without waiver of the foregoing objections, without the necessity of repeating the foregoing text.**

### SUPPLEMENT TO FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 15:** Please state in detail each and every fact upon which Defendant bases each and every affirmative defense to Plaintiff's claims, and identify any documents supporting such affirmative defense.

**ANSWER:**    [Supplemental Answer] Subject to and without waiver of the General Objections, Defendant states as follows:  Plaintiff voluntarily quit her job with Defendant. Plaintiff was not constructively discharged.  Since quitting her employment with Defendant, Plaintiff has failed to search for and/or secure employment such that wages and benefits allegedly lost upon her separation from Defendant would be offset by subsequent earnings.  To the extent Plaintiff asserts claims not covered by her charge of discrimination, she has failed to exhaust administrative remedies in advance of litigation.  Plaintiff fails to demonstrate the requisite evidence to demonstrate any alleged conduct by Defendant that would support a claim for compensatory, punitive or liquidated damages.  Defendant has at all times exercised reasonable care to prevent and correct any allegedly harassing or improper behavior by its actions, policies and procedures.  At no time during her employment did Plaintiff report any allegedly harassing, discriminatory or improper behavior. Defendant has at all times treated Plaintiff, as regards all term and conditions of employment in a non-discriminatory manner.  All employment

decisions by Defendant regarding Plaintiff were based upon reasonable factors other than sex and which were legitimate non-discriminatory reasons, including but not limited to, employment situations and positions with differing skill, effort, responsibility, working conditions, areas of expertise, specialty, needs, merit, and job performance. Plaintiff has never suffered any adverse employment action or decision that was discriminatory based on her sex or in retaliation for any alleged complaint of discriminatory treatment. Any alleged entitlement of Plaintiff to punitive or compensatory damages are capped by the Civil Rights Act of 1991, 42 U.S.C. Sec. 1981a. In addition, see Plaintiff's deposition testimony and all documents produced by Defendant in response to Plaintiff's First Request for Production of Documents.

**INTERROGATORY NO. 17:**   Please identify each employee for Defendant's CNWRA received disciplined for, or an annual performance evaluation referring to: (1) the employee's attitude toward or remarks about co-workers during the time period; (2) the need demonstrate a positive attitude; (3) completion of time card; and/or (4) conduct related to business travel. For each employee, be sure to include the date of the discipline or evaluation, as well as a detail description of the conduct for which the employee received the discipline or evaluation.

**ANSWER:**   [Supplemental Answer] In addition to the General Objections, Defendant further objects to this interrogatory as overly broad, seeks information that is neither relevant nor calculated to lead to the discovery of admissible evidence, and compliance would be unduly burdensome. Subject to and without waiver of the foregoing objection, Defendant responds as follows as regards employees working at CNWRA in the position of Research Scientist for the time period previously described: Consistent with Institute's goal of continued professional improvement for employees, most if not all annual performance evaluations for professional employees include suggestions for job performance improvement. As such, every performance appraisal is somewhat unique. Consistent with the request set forth in Interrogatory No. 17, identified below are those persons for whom a suggestion was made for improving job performance that could be interpreted to relate to an employee's attitude, time sheet, and business travel. See Exhibit A.

## VERIFICATION

THE STATE OF TEXAS    §
                           §

COUNTY OF BEXAR    §

     BEFORE ME, a Notary Public, on this day personally appeared Nancy J. Anderson, Deputy General Counsel of Southwest Research Institute, known to me to be the person whose name is subscribed below, who, after being duly sworn on oath, stated that she has signed this verification of the foregoing Defendant, Southwest Research Institute's Supplement to Defendant's Answers to Plaintiff's First Set of Interrogatories and is duly authorized to do so; that she is informed that there is no officer of Southwest Research Institute who has personal knowledge of all of the matters stated in the foregoing responses; and that the facts stated in said response have been assembled by authorized employees and agents of Southwest Research Institute, including its legal counsel, and deponent is informed by such employees and agents that the facts stated in said responses are correct to the best of their information and belief, based on the records of Southwest Research Institute and communications with its employees.

By   _____
         Nancy J. Anderson
         Deputy General Counsel
         Southwest Research Institute

     SUBSCRIBED AND SWORN TO BEFORE ME on this the ___ day of February, 2006, to certify which witness my hand and official seal.

_____
Notary Public – State of Texas

JOHN W. McLEOD
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 08-31-2009

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LAUREN BROWNING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO.  SA-05-CA-0245-XR |
| | § | |
| SOUTHWEST RESEARCH | § | |
| INSTITUTE, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

TO:    Defendant, Southwest Research Institute, by and through its attorneys of
record, Cynthia Michelle Benedict, Stephen J. Romero, Fulbright & Jaworski,
300 Convent Street, #2200, San Antonio, TX 78205.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant is hereby requested

to answer the following interrogatories no more than thirty (30) days after service hereof. These

interrogatories shall be continuing to the time of trial, in that supplementary answers should be

supplied at regular intervals if additional or different information becomes known to Defendant.

## INSTRUCTIONS AND DEFINITIONS

a.      The term "identify" or "identity" when used with reference to an individual means to

state his or her full name, residential and business addresses, residential and business telephone

numbers, date of birth, present position and title with Defendant, if any, and his or her position and

title with Defendant, if any, at the time of the transaction or event covered by the interrogatory

answer.

b.      The word "identify" or "identity" when used herein in reference to a document means

to state:



EXHIBIT
C

---

PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT                                                      PAGE 1

1.    its date;

2.    its author or sponsor;

3.    a description of its content;

4.    the source of its content;

5.    type of document; and

6.    its present location and the names of each of its
      present custodians.

In lieu of identifying particular documents, such documents may, at your option, be attached to the answers to these interrogatories.

c.    Where exact information cannot be furnished, estimated information should be supplied to the extent possible.  Where estimation is used, it should be so indicated, and an explanation should be given as to the basis on which the estimate was made.

d.    The words "state in detail" anticipate a full and thorough response to the question asked.

e.    The term "documents" includes writings, drawings, graphs, charts, photographs, recordings, computer records, and other data compilations from which information can be obtained or translated, if necessary, into a reasonably usable from, including but not limited to the following: letters; reports; agreements; intra-company communications; correspondence; telegrams; memoranda; summaries or records of conversations; diaries; forecasts; audio and/or video recordings; models; statistical statements; minutes or records of meetings or conferences; expressions or statements of policy; lists of persons attending meetings or conferences; reports and/or summaries of interviews or investigations; opinions or reports of consultants; appraisals: tax returns; reports or summaries of negotiations; brochures; pamphlets; advertisements; circulars; trade

letters; press releases; invoices; receipts; contracts; notes; calendars; date books; messages; letters of credit; financial statements; promissory notes; security agreements; deeds of trust; instruments reporting to grant or evidence of any security, interest or lien; loan agreements; pass books; credit and debit memoranda; and/or canceled checks and drafts.

       f.      Separate answers should be given for each interrogatory.  Answers to one interrogatory or point thereof should not be joined together, given a common answer, or incorporated by reference.

       g.      For each interrogatory or part thereof which Defendant refuses to answer, the reason or reasons for each refusal be stated in detail.

       h.      If you withhold information otherwise discoverable under the Federal Rules of Civil Procedure on the basis that the information is privileged or subject to protection as trial preparation material, you must state the basis of your refusal expressly and must describe the nature of the information or things not produced or disclosed in a manner that will enable Plaintiff's counsel to assess the applicability of the privilege or protection, without revealing the information which is itself privileged or protected.

       i.      The "time period" refers to August 1, 1998 until present.

       j.      "Defendant," "you," "SwRI," "Center for Nuclear Waste Regulatory Analyses," or "CNWRA" refer to Southwest Research Institute.

       k.      "Plaintiff" or "Browning" refers to Plaintiff Lauren Browning, Ph.D.

## FIRST SET OF INTERROGATORIES

## INTERROGATORY NO. 1:

      Please state the exact and complete reason(s) why SwRI did not promote Plaintiff to the following positions during the time period:

state the exact date such decision was made and the date such decision was communicated to

Plaintiff; and state the exact date such decision was communicated to SwRI's client contacts for the

projects.

**RESPONSE:**

Respectfully submitted,

GILLESPIE, ROZEN, WATSKY, MOTLEY & JONES, P.C.
3402 Oak Grove Avenue, Suite 200
Dallas, Texas  75204
Phone: (214) 720-2009
Fax: (214) 720-2291


By: _____
    Hal K. Gillespie
    State Bar No. 07925500
    M. Jeanette Fedele
    State Bar No. 24040887


ATTORNEYS FOR PLAINTIFF
LAUREN BROWNING

Dated:  _13 October 05_

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was forwarded on this the 13th day of October, 2005, in the following manner to:

Cynthia Michelle Benedict
Stephen J. Romero
Fulbright & Jaworski
300 Convent Street, #2200
San Antonio, TX 78205

_____/ Hand-Delivery
_____✓___ U.S. Mail, postage pre-paid
_____ Certified Mail, Return Receipt Requested
_____ Overnight Express Mail/Federal Express
_____ Telecopier

*Via E-Mail*
Steve Baughman Jensen
BARON AND BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
sjensen@baronbudd.com

*Via E-Mail*
Adele P. Kimmel
TRIAL LAWYERS FOR PUBLIC JUSTICE, P.C.
1717 Massachusetts Avenue, NW, Suite 800
Washington, D.C. 20036
AKIMMEL@TLPJ.ORG

*Via E-Mail*
Malinda A. Gaul
Law Offices of Gaul and Dumont
105 South Street Mary's, Suite 950
San Antonio, Texas 78205
malindag@swbell.net

M. Jeanette Fedele

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LAUREN BROWNING,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO.  SA-05-CA-0245-XR** |
| | § | |
| **SOUTHWEST RESEARCH** | § | |
| **INSTITUTE,** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

TO:    Defendant, Southwest Research Institute, by and through its attorneys of record, Cynthia Michelle Benedict, Stephen J. Romero, Fulbright & Jaworski, 300 Convent Street, #2200, San Antonio, TX 78205.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant is hereby requested to produce materials responsive to these requests at the offices of Plaintiff's attorneys, Gillespie, Rozen, Watsky, Motley & Jones, P.C., 3402 Oak Grove Avenue, Suite 200, Dallas, Texas 75204 within thirty (30) days of the date of service.  These requests for production shall be continuing to the time of trial, in that supplementary answers should be supplied at regular intervals if additional or different information becomes known to Defendant.

## INSTRUCTIONS AND DEFINITIONS

a.    The term "documents" includes writings, drawings, graphs, charts, photographs. recordings, computer records, and other data compilations from which information can be obtained or translated, if necessary, into a reasonably usable from, including but not limited to the following: letters; reports; agreements; intra-company communications; correspondence; telegrams: memoranda; summaries or records of  conversations; diaries; forecasts; audio and/or video

recordings; models; statistical statements; minutes or records of meetings or conferences; expressions or statements of policy; lists of persons attending meetings or conferences; reports and/or summaries of interviews or investigations; opinions or reports of consultants; appraisals; tax returns; reports or summaries of negotiations; brochures; pamphlets; advertisements; circulars; trade letters; press releases; invoices; receipts; contracts; notes; calendars; date books; messages; letters of credit; financial statements; promissory notes; security agreements; deeds of trust; instruments reporting to grant or evidence of any security, interest or lien; loan agreements; pass books; credit and debit memoranda; and/or canceled checks and drafts.

      b.      Pursuant to FED. R. CIV. P. 34(a), you are required to produce all requested documents that are within your possession, custody or control; therefore, you must produce the requested documents even if they are not in your actual possession or custody if you have the right to obtain such documents from a third party.

      c.      Please produce only one copy of each document requested.  However, if you are in possession, custody or control of any non-identical copies of any document (*e.g.*, if a document contains revisions, handwritten notes, or highlighted information), please produce the document and all non-identical copies of said document.

      d.      The "time period" refers to August 1, 1998 until present.

      e.      "Defendant," "you," "SwRI," "Center for Nuclear Waste Regulatory Analyses," or "CNWRA" refer to Defendant Southwest Research Institute.

      f.      "Plaintiff" or "Browning" refer to Plaintiff Lauren Browning, Ph.D.

      g.      If you withhold information otherwise discoverable under the Federal Rules of Civil Procedure on the basis that the information is privileged or subject to protection as trial preparation material, you must state the basis of your refusal expressly and must describe the nature of the

**RESPONSE:**

Respectfully submitted,

GILLESPIE, ROZEN, WATSKY, MOTLEY & JONES, P.C.
3402 Oak Grove Avenue, Suite 200
Dallas, Texas 75204
Phone: (214) 720-2009
Fax: (214) 720-2291

By: _____
       Hal K. Gillespie
       State Bar No. 07925500
       M. Jeanette Fedele
       State Bar No. 24040887

ATTORNEYS FOR PLAINTIFF
LAUREN BROWNING

Dated: ___13 October 05___

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was forwarded on this the 13th day of October, 2005, in the following manner to:

> Cynthia Michelle Benedict
> Stephen J. Romero
> Fulbright & Jaworski
> 300 Convent Street, #2200
> San Antonio, TX 78205

> _____ / ____ Hand-Delivery
> _____ ✓ ____ U.S. Mail, postage pre-paid
> _____ Certified Mail, Return Receipt Requested
> _____ Overnight Express Mail/Federal Express
> _____ Telecopier

> ***Via E-Mail***
> Steve Baughman Jensen
> Baron And Budd, P.C.
> 3102 Oak Lawn Avenue, Suite 1100
> Dallas, Texas 75219
> sjensen@baronbudd.com

> ***Via E-Mail***
> Adele P. Kimmel
> Trial Lawyers for Public Justice, P.C.
> 1717 Massachusetts Avenue, NW, Suite 800
> Washington, D.C. 20036
> AKIMMEL@TLPJ.ORG

> ***Via E-Mail***
> Malinda A.Gaul
> Law Offices of Gaul and Dumont
> 105 South Street Mary's, Suite 950
> San Antonio, Texas 78205
> malindag@swbell.net

M. Jeanette Fedele

5/18/98

# PERSONNEL APPLICATION REVIEW COMMENT

ROUTE TO: ~~PEARCY~~               ~~PICKETT~~

~~LICHTNER~~               ~~MURPHY~~

~~TURNER~~                ~~PATRICK~~

~~PABALAN~~                SAGAR

PERSONNEL APPLICATION REVIEWED: *Liwin Browning*

## GREEN SHEET W/COPY OF APPL. OR RESUME

COMMENTS:
*Ph. D. GeoSci. 1855,*
*mainly laboratory experience, more with*
*gas sequel modeling, Apparently strong quantitative*
*skills, could collaborate with D. Bass?!*

REVIEWER: *C. C. R*          DATE OF REVIEW: *5/27/98*

COMMENTS:
*(Good) water-rock interaction modeling experience. Recommend*
*acquiring an application. Could foster Div. 15 connections.*

REVIEWER: *William M Murphy*          DATE OF REVIEW: 5/28/98

COMMENTS:
*Strong modeling background of ... application to netework*
*than application) + possible suitable interests*

REVIEWER: *N J min*          DATE OF REVIEW: *6/11/98*

COMMENTS:
*A strong candidate. Recommend requesting application.*

REVIEWER: *D. Pickett*          DATE OF REVIEW: 6/11/98

COMMENTS:
*Strong candidate. Recommend an*
*interview*

REVIEWER: *W Patrick*          DATE OF REVIEW: *6/12/98*

RETURN TO:   BONNIE CAUDLE   *Appears to be a strong candidate. Will likely wish...*

ACTION TAKEN:
*We request an application.*

```
EXHIBIT
F
```

Distribution: Attach original to application

CNWRA Form AP-3/c:\wpfil\persnel\ap3-comm.frm

*Please check ... salary demand ...*



# University of Hawai'i at Mānoa

**Hawai'i Institute of Geophysics and Planetology**
School of Ocean and Earth Science and Technology
2525 Correa Road · Honolulu, Hawai'i 96822, USA
Telephone: (808) 956-6488 · Facsimile: (808) 956-6322

Dr. Roberto Pabalan                                      May 8, 1998
Geohydrology and Geochemistry Section
Southwest Research Institute
6220 Culebra
San Antonio, TX 78238

Dear Dr. Pabalan,

I am writing to express a strong interest in working as a visiting geochemist in the Geohydrology and Geochemistry Section of the Southwest Research Institute. Currently, I am a postdoctoral researcher working with Klaus Keil at University of Hawaii on a textural and modeling study of aqueous alteration in meteorites. Over the past few years, I have become increasingly interested in quantitative methods in geosciences, in particular the geochemical modeling of aqueous systems.

I received a Ph.D. in Geosciences from the University of Tennessee in the fall of 1995, working under Dr. Harry McSween. My dissertation was a study of the characterization and interpretation of alteration minerals and textures in CM Carbonacous Chondrites. These meteorites are essentially mafic soils that have experienced low temperature ($\leq 25^\circ C$) diagenetic serpentinization on an asteroid. A significant proportion of my dissertation research was completed in the electron beam laboratory at Johnson Space Center, where I was working as NASA Graduate Student Research Fellow.

As a postdoctoral researcher, I have developed theoretical models aimed at understanding and constraining the conditions of alteration reactions on the CM meteorite asteroidal parent body. As an example, I constructed a kinetic code that explores the process of forming rinds of secondary sulfides around dissolving olivine grains. In addition, I have combined petrographic observations, mass balance calculations, and kinetic reaction theory in using reaction path modeling codes to constrain the relative proportions of primary unaltered minerals on asteroidal bodies. Recently, I collaborated

An Equal Opportunity/Affirmative Action Institution

EEOC 0343

with Lionel Wilson at Lancaster University and Bill Bourcier at LLNL to develop a model that explores the physical and chemical consequences of gas generation by water-rock reactions in asteroids. The gas generation process was identified as a result of my modeling work. We are currently expanding on these results by using 3-D multi-component, reactive transport models to evaluate the importance of leaching, sorption, and cementation on the chemical evolution of migrating CM asteroidal fluids.

Many parameters that are needed to model the aqueous alteration of asteroids must be extrapolated, and as a result I have become keenly aware of the importance of quantifying the interdependencies between various physical and chemical parameters in naturally evolving systems, as well as the need to obtain fundamental information on material properties over a wide range of conditions. Therefore I have decided as a career move to focus my efforts on learning how the role of aqueous processing is evaluated in complex terrestrial environments. I can think of no better way to accomplish this than to study how state-of-the-art experimental and theoretical efforts are designed, implemented and integrated in the consortium studies of potential nuclear waste disposal sites that are being performed at SWRI. My ultimate goals are to design 3-D reactive transport codes that will be useful for applications to environmental problems, as well as applications in meteoritics. My experience is predominantly with simulations, but I have designed solubility experiments with Dr. Fred Mackenzie here at the University of Hawaii to understand carbonate phase relations in low temperature fluids, and am interested in following the experimental work that is being done at SWRI.

I would enjoy immensely working in an environment where I can interact with others who use diverse techniques to address a common problem, and I am highly motivated to learn how geochemical modeling is being used to address environmental issues.

I hope that you will consider me for a visiting scientist position in geochemistry. Please contact me if you have any additional questions regarding my application.

Sincerely,

Lauren Browning

# PAYROLL AUTHORIZATION REQUEST

| Name: **Lauren Browning** | Job Title: **Research Scientist** | SSN or Emp. # **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** |
|---|---|---|
| Cost Center **20** Department **05** | | Section **07** |
| Location Code City **San Antonio** | | State **TX** Building No. **189** |

## ADD TO STAFF

*(handwritten: $3/45, no W)*

Salary **$42,000/yr** Effective Date **12/7/98**

☒ Regular Full-time    ☐ Temporary
☐ Regular Part-time
*(Provide Normal Work Hours in the Remarks Section)*

*limited term (1 yr)*

## CTC TIMESHEET SECURITY INFORMATION

☒ Self Only
(Default)

☐ View Division    ☐ Update Division
☐ View Department    ☐ Update Department    ☐ Access to Utilization
☐ View Section    ☐ Update Section    ☐ Access to Exception Report

## CHANGE IN STATUS

☐ Title Change    ☐ Transfer Between Cost Centers    ☐ Status Change

**TITLE or SALARY CHANGE**

New Job Title _____ New Salary _____ Effective Date _____
(Beginning of Pay Period)

Current Salary _____ Last Change Date _____

**TRANSFER ONLY**

New Cost Center ____ Department _____ Section _____ Effective Date _____
(Beginning of Pay Period)

**STATUS CHANGE**

From: ☐ Regular Full-time ☐ Regular Part-time ☐ Temporary
(Provide Normal Work Hours in the Remarks Section)

To: ☐ Regular Full-time ☐ Regular Part-time ☐ Temporary
(Provide Normal Work Hours in the Remarks Section)

Transaction Code

## LEAVE

☐ Leave of Absence    ☐ Long Term Disability    ☐ Family and Medical Leave    ☐ Military
(Attach orders for leave over 30 days)

Date Leave Begins _____ Date Leave Ends _____

## TERMINATION

Effective Date _____ Terminal Pay _____

## REMARKS

limited term (1 yr) employee

_____

## APPROVALS



| | |
|---|---|
| Director/Vice President   12/7/98 | Director of Personnel   12/7/98 |
| Receiving Director/Vice President (Transfer Request)   Date | Executive Vice President Operations   Date |
| | Vice President Finance   Date |

## EMPLOYEE SET UP CODES

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| O | 1 | 1 | 4 | 5 | O | N | F | W | N | | | | | | | | | | |

| 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 | 32 | 33 | 34 | 35 | 36 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | O | 1 | 1 | O | O | 1 | 2 | | | S | E | | 2 | | |

Codes on reverse side of Payroll Office copy

**EEOC 0315**

White copy - Payroll Office
Yellow copy - Personnel Office
Pink copy - Employee & Dept
Green copy - Employee
Gold copy - CTC

Form E-4 (SwRI-23)
Rev Mar 98

# SOUTHWEST RESEARCH INSTITUTE

6220 CULEBRA ROAD • POST OFFICE DRAWER 28510 • SAN ANTONIO, TEXAS, USA 76228 0510 • (210) 684-5111 • TELEX 244846

OFFICE OF THE PRESIDENT

Fax (210) 520-5505

December 8, 1998

Dr. Lauren B. Browning
3271 Paty Drive
Honolulu, HI  96822

Dear Dr. Browning:

On the recommendation of Dr. Wesley C. Patrick, I am happy to welcome you to Southwest Research Institute as a Research Scientist in the Center for Nuclear Waste Regulatory Analyses, our Division 20. I understand you reported to work on December 7, 1998.

It is my sincere hope that you will gain much from your association with our organization, and we in turn look forward to your help in making the Institute's program even more significant in terms of service to industry, government, and the public at large.

My very best personal regards.

Very truly yours,

J. Dan Bates
President

/iw

cc:   Mr. B.E. Crumlett
      Dr. W.C. Patrick



SAN ANTONIO, TEXAS
HOUSTON TEXAS  •  DETROIT MICHIGAN  •  WASHINGTON DC

EEOC 0328

**APPLICANT ACTION FORM**

THIS FORM MUST BE RETURNED TO THE PERSONNEL DEPARTMENT TO RECORD THE ACTIONS TAKEN.

From/To: *B. Caudle*
To/From: *B. Jarvis*

Date: *7·2·98*   SSN: *449·35·8088*
Applicant: *Lauren B. Browning*
Requisition Number(s): *2 0*   *5 6 7*

---

**AFTER REVIEW OF THE APPLICANT'S FILE**

The applicant is not qualified for the referenced position for the following reasons: [Select one or more reasons from the list on the reverse side of this form and enter corresponding code(s).]

1 ____   2 ____

Explanation of code selection required: _____

_____   Signature

*Presentation:*
*Audio Visual:*

We are interested in the Applicant:

|  | Complete | (Personnel use only) Check when completed |
|---|---|---|
| Obtain academic records/verify degree(s): | ☐ | ☐ |
| Personnel department obtain reference checks: *Div will check* | ☐ | |
| Division obtain the following reference checks: | | |
| _____ (Reference name) | ☑ | |
| Invite for job interview - suggested date/time *all day 8/18; ½ day 8/19* | | ☐ |
| alternate date/time *½ day 8/17; all day 8/18* | | |
| Confirm interview trip arrangements: | | |
| Travel _____ | ☐ | ☐ |
| *Gloria* Lodging _____ | ☐ | ☐ |
| Rental car _____ | ☐ | ☐ |
| Confirmed _____ (Date) with _____ (Division contact) | | |

Appointment Times: CC68: *8:30*   CC20: *9:00*   SVP: _____

---

**AFTER REVIEW OF THE APPLICANT**

The applicant is not selected for the following reasons: [Select one or more reasons from the list on the reverse side of this form and enter corresponding code(s).]

1 ____   2 ____

Explanation of code selection required: _____

_____   Signature

We are interested in the Applicant and wish to make the following offer:

Code Center: *20*   Department: *CNWRA*   Security Officer Review: *RMS 8/26/98*

Job Title: *RESEARCH SCIENTIST (LIMITED TERM - 1 YEAR)*   Salary Offer: *42,000/annum '98*

Employment Status: (RF)  RP  TF  TP  Consultant  Start to Work: *10/6/98 (will negotiate)*

Division/Department Head: _____   Date: *8/25/98*
Director of Personnel: _____   Date: *8/27/98*
Exec. VP/President: _____   Date: _____

Form E-11   (9/90)        The Institute is an Equal Employment/Affirmative Action Employer

SwRI_000775



# SOUTHWEST RESEARCH INSTITUTE

Post Office Drawer 28510 ● San Antonio, Texas 78228-0510
Telephone: (210) 522-2223 ● www.swri.org
personnel@swri.org

ENTERED
JUL 13 1998
IN ADB

## APPLICATION FOR SALARIED STAFF POSITION
(Answer all questions; please type or print in black ink.)

Name **Browning** (Last)   **Lauren** (First)   **B** (M.I.)   Date **6-25-98**

Social Security Number **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**   Email Address **lauren@kahana.pgd.hawaii.edu**

Position Applying for or Field of Work Preferred **P.C. 20567nj   (visiting geochemist)**

Present Address **3271 Paty Dr. Honolulu HI 96822**   Home Phone **(808) 988-7449**
(Street/P.O./R.R.)   ~~2525 Castro Correa, ...~~ (City) (State) (Zip Code)

Permanent Address **211 Faubion Dr. Georgetown TX 78628**   Work Phone **(808) 956-3901**
(Street/P.O./R.R.)   (City)   (State)   (Zip Code)

Are you a U.S. citizen? ☑ Yes ☐ No   If NO, list type of Visa _____

Are you licensed to drive a motor vehicle?
☑ Yes ☐ No; Issued by which state? **HI**; Drivers License No. **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**

Are you now awaiting trial for or have you ever served a probationary period or been convicted of any felony?
☐ Yes ☑ No   If YES, please give date(s) and nature. _____

Referral Source: **NJ** _____   Have you applied here before? ☐ Yes ☑ No

Do you have a relative employed by SwRI? ☐ Yes ☑ No; If YES, who? _____

In case of emergency, notify **Dr. Douglas Browning** (Name)   **(512) 259-0551** (Phone No.)

| Degree Received (will be verified)* | Degree Field | Dates From Mo/Yr | Dates To Mo/Yr | Academic Credits Earned (if no degree) | GPA | Institution† |
|---|---|---|---|---|---|---|
| B.S. | Geology | 1988-1979 1985- | 5/91 | *Transcript in mail | ~3.5 | Univ. of Texas at Austin |
| PhD | Geosciences | 8/91 | 8/94 | | 3.79 | Univ. of Tennessee |
| | | | | | | |
| | | | | | | |

*Please submit a photocopy (unofficial copy acceptable) of your college transcripts. The Institute reserves the right to ask for transcripts from any applicant.
†If not in United States, indicate location.

✓ 69800JP20

## EDUCATION

Theses **The Aqueous Alteration of CM Carbonaceous Chondrites**

Publications and Patents (Attach list, if necessary.): **See resume**

Extracurricular College Activities and Honors: **See resume**

Other Skills (i.e., foreign languages): **Some Spanish**

ACK

JUN 29 1998
PERSONNEL

## AN EQUAL OPPORTUNITY EMPLOYER

# EMPLOYMENT HISTORY

Show present position first. Account for all periods of employment, including military experience, and all periods of unemployment.

Dates of Employment: From **1995**   To **present**   Starting Salary $ **36,000/yr.**   Ending or present Salary $ **38,000/yr.**

Name, address, and phone number of employer: **HIGP/SOEST; Univ. of Hawaii; Honolulu, HI 96822; Dr. Klaus Keil; (808) 956-7454**

Title of your last or present position: **Postdoctoral Researcher**

Reason for leaving or wishing to leave: **Temp. position**

Duties, accomplishments, and expertise: **Characterize the petrologic features of aqueously altered meteorites and model the alteration conditions that best account for these observations - see resume for accomplishments & expertise.**

Person to contact for reference: **Dr. Jeff Taylor**   **Prof.**   **(808) 956-3899**
Name                    Title                    Phone Number

May we contact your present employer at this time? ☑ Yes  ☐ No   Email address **Keil@kahana.pgd.hawaii.edu**

Dates of Employment: From **1992**   To **1995**   Starting Salary $ **19,000/yr.**   Ending Salary $ **19,000/yr.**

Name, address, and phone number of employer: **NASA-GSFC; office of University Programs; NASA-GSFC, Code 160; Greenbelt, MD  20771**

Title of your last position: **NASA Graduate Student Researcher Fellow**

Reason for leaving: **Temp. Position/Graduated**

Duties, accomplishments, and expertise:

Person to contact for reference: **Dr. Mike Zolensky**   **NASA Scientist**   **(281) 483-5128**
Name                    Title                    Phone Number

SwRI_000803

Dates of Employment: From _1991_ To _1992_ Starting Salary $ _10,0__/yr Ending Salary $ _10,000/yr_

Name, address, and phone number of employer: _Geosciences Dept.; 306 G&G Bld.; University of Tennessee; Knoxville, TN 37996-0200_

Title of your last position: _Teaching Assistant_

Reason for leaving: _received NASA fellowship_

Duties, accomplishments, and expertise: _prepared lectures and taught Igneous Petrology, and Mineralogy and Optics_

Person to contact for reference: _Dr. Hap McSween_     _Prof._     _(423) 974-2368_
Name                                    Title                    Phone Number

---

Dates of Employment: From _____ To _____ Starting Salary _____ Ending Salary _____

Name, address, and phone number of employer: _____

Title of your last position: _____

Reason for leaving: _____

Duties, accomplishments, and expertise: _____

Person to contact for reference: _____
Name                                    Title                    Phone Number

## MILITARY EXPERIENCE

List dates of military service and highest rank achieved: _N/A_

Describe any military experience or training received relative to the position for which you are applying if not covered earlier:

A copy of your DD214 may be required as part of this application process.
Are you able to obtain a copy of this document? ☐ Yes  ☐ No

3

## OTHER REFERENCES

Please list names, organizations, titles, addresses, area codes, and phone numbers of five professional or educational references *that we may contact now*. Please include email address if available.

| Name | Organization | Title | Address | Area Code Phone | Email Address |
|------|-------------|-------|---------|-----------------|---------------|

Dr. Harry McSween   Univ. of TN   Prof. Dept. of Geology; Univ. of TN: Knoxville, TN 37996 (423)974-2366; McSween@ utk.edu

Dr. William Bourcier   L219; LLNL; Livermore, CA 94550; Chemist; (510)423-3745; Bourcier1 @ llnl.gov

Dr. Jeff Taylor   HIGP; Univ. of HI, Honolulu HI 96822; Prof. (808)956-3899; gjtaylor @ kahana.pgd.hawaii.ed

Dr. Lionel Wilson; Environmental Science Dept.; Inst. of Environmental & Natural Sci.; Lancaster Univ.; Lancaster LA1 4YQ, u.; l.wilson@ lancaster.c

Dr. Klaus Keil; Same as Taylor above; Director of HIGP; (808)956-7454; keil@kahana.pgd. hawaii.edu   uk

Community activities: See resume for professional activities; Also: Big Brothers/Big Sisters of Honolulu

List professional societies of which you are a member, including offices held: Meteoritical Society; GSA

---

*Many positions at the Institute require that the employee be able to qualify for a U.S. Government security clearance.*

Is there any reason why you would not now be granted clearance for work on classified U.S. military projects?  ☐ Yes  ☑ No

If yes, please explain: _____

Have you previously received a security clearance?   ☐ Yes  ☑ No

Have you ever been denied a security clearance?   ☐ Yes  ☑ No; If Yes, explain _____

Are you willing to submit to an investigation into your personal life in order to obtain a security clearance?  ☑ Yes  ☐ No

Do you object to work on military projects, including those involving non-nuclear weapons systems? ☐ Yes ☑ No

---

If your position requires, are you willing to travel?  ☑ Yes ☐ No;   Work Overtime?  ☑ Yes ☐ No

Do you know any reason why you could not be bonded? ☐ Yes  ☑ No; If Yes, explain _____

List any significant foreign travel and experience: _____

Salary expected: $35-48K; depending on Responsibilities *(We must have a numerical idea of your salary requirement).*

Earliest date available: 9/1/98

**This application for employment will be kept on active file for one year.**

### EMPLOYMENT CONDITIONS:

- Completion of a confidential medical questionnaire and, if requested, a medical examination at Institute expense after an offer of employment and at any time during the time applicant is employed by Institute.
- Execution by applicant of a Contract of Employment. Participation by applicant in the Institute's group life insurance and long-term disability plan; voluntary participation in the Institute's Medical Benefits Plan; participation, when eligible and required to do so, in the pension plan. If requested at any time, completion by applicant of an application for United States Government security clearance.
- Notwithstanding any representations to the contrary, employment by the Institute is for an indefinite period and may be terminated at any time by either the Institute or employee by giving not less than two weeks advance notice to the other. Permission is granted to inquire about and obtain academic records from educational institutions, to inquire about employment with previous employers named herein, to obtain my driving records, and to use a copy of this application for authorization as necessary. If requested, I agree to provide, at anytime prior to or during my employment, samples of urine, blood, or breath for the purpose of drug and/or alcohol screening.

I have read and completed the foregoing application carefully and understand and agree that any false statement or omission shall be grounds for refusal of the Company to hire me or, if I am employed, to immediately terminate my services, regardless of the date or circumstances under which such false statement or omission is discovered.

SIGNATURE: _____

## AN EQUAL OPPORTUNITY EMPLOYER

BROWNING, Lauren B.

Southwest Research Institute                                 Date: _14 September_ _____ 19 _98_
6220 Culebra Road
P.O. Drawer 28510
San Antonio, TX 78228-0510

Subject: Contract of Employment for Regular Employee

Director of Personnel:

This letter will state my understanding and acceptance of the terms and conditions applicable to my employment by Southwest Research Institute ("Institute").

I acknowledge that Institute, relying on information furnished by me, including that contained in my Application for Employment dated _25 June_____, 19 _98_, has offered me employment as _Research Scientist_____ to commence on _7th 5 December_, 19 _98_, with compensation for my services in such employment to be paid at the rate of $ _3,750_____ per month (and, for purposes of illustration only, this would be $_45,000___ per annum), subject to such adjustments and changes as Institute may make from time to time, and I hereby accept such employment on the terms and conditions specified in this Agreement. Employment will end on or about 12 months subsequent to your start date, unless terminated by Research Scientist or Institute after expiration of 30 days after written notice to the other.

I acknowledge and agree that the compensation to be paid to me by Institute as above stated, in addition to being payment for my services in such employment, is payment also for the results of my creative efforts and for the right to use my name; likenesses of me, whether produced by photographic means or otherwise; and reproductions of my voice for publicity and exhibition purposes for Institute's use and benefit and the use and benefit of its sponsors and clients.

Therefore, in consideration of the premises, my employment by Institute and the payment to me of compensation as above stated, I hereby contract with Institute and agree as follows:

1.     **Employment Duties and Restrictions**

**1.01** I shall devote my best efforts to furthering the business and interests of Institute to the extent that the needs of the Institute and the servicing of its sponsors, clients, and other customers require. If I am a regular employee, I shall not engage or participate in other work or activities for compensation or profit without first obtaining the written approval of Institute's President or his designated representative.

2.     **Inventions and Discoveries**

**2.01** Every invention, discovery, concept, design, and writing that I conceive, make, or produce during the term of this agreement, either alone or with others, and regardless whether during or outside my regular working hours and whether during periods of leave of absence or at other times, subject to Article 2.02, shall become the property of Institute.

I agree that any computer software and documentation made by me during the period of my employment shall be considered "works made for hire" under the copyright laws of the United States and I agree, during and after the term of my employment, to execute any assignments or other documents reasonably deemed necessary by Institute to vest full ownership in Institute.

To that end, I shall grant, sell, assign, transfer, and set over to Institute all my right, title, and interest in and to each such invention, discovery, concept, design, computer software and documentation, and writing, and at Institute's request and expense, I shall execute and deliver to it all documents and other writings and shall perform all lawful acts necessary or incidental to give full force and effect to such assignment and transfer.

**2.02** I shall disclose and deliver promptly to Institute and its designees all data, sketches, drawings, and other information necessary or incidental to complete understanding of each such invention, discovery, concept, design, and writing. Furthermore, I shall not disclose or deliver the same to any other person or organization, or publish computer software and documentation or make use of the same, or cause the same to be published or made use of, other than in connection with the business and affairs of Institute, and in conformity with its contractual obligation, rules and policies, without first obtaining the written permission of Institute's President or his designated representative.

SwRI_000770

**2.03**  At Institute's request and expe... ..., but without cost or expense to it for my ti... ..., except as expressly provided hereafter, I shall assist Institute and its employees, agents, consultants, attorneys, and other representatives in every reasonable and lawful way, in filing, prosecuting, obtaining, enforcing, and securing to Institute throughout the world, letters patent, trademarks, and copyrights, as the case may be, pertaining to any such invention, discovery, concept, design, and writing, for Institute's use and benefit and the use and benefit of its sponsors, clients, and other customers. My obligations hereunder, however, are on condition that I shall be under no obligation or liability for any cost, fee, or expense incurred in connection with filing, prosecuting, obtaining, enforcing, or securing to Institute any such letters patent, trademarks, and copyrights. Furthermore, in the event that my employment with Institute terminates for any reason whatsoever, and following such termination, I am required by the terms of this Agreement to render personal services on behalf of Institute or any of its sponsors, clients, or other customers, then my obligation hereunder shall be on condition that I shall be compensated for such services in an amount or at a rate that is mutually agreeable to Institute and me. In the event that no mutual agreement as to such amount or rate is reached, I shall accept payment at the per diem rate paid to me by Institute at the time of such termination of employment as full compensation for such personal services so rendered.

**2.04**  In order to give full effect to the provisions of Article 2 of this Agreement, I hereby declare that, as of the effective date of this Agreement, I do not own or claim to own any right, title, or interest in or to any invention, discovery, concept, design, computer software and documentation, writing, patent, or patent application, except those, if any, that are identified or described in exhibit "A," attached to and hereby made a part of this Agreement, and I understand that as to each of those so identified or described, none of the provisions of this Article 2 shall apply.

### 3.    Use of Name and Photographs

**3.01**  I hereby consent to the use of my name; likenesses of me, whether produced by photographic means or otherwise; and reproductions of my voice by Institute and its employees, agents, consultants and other representatives, and by its sponsors, clients, and other customers in accordance with its contractual terms, rules, regulations, and policies, in newspapers, magazines, motion pictures, stills, radio, television, replays, recordings, and other media, for publicity and exhibition purposes connected with the business and affairs of Institute. Accordingly, I shall and hereby do release and discharge Institute, its employees, agents, consultants, and other representatives, and its sponsors, clients, and other customers, and each of them from all loss, cost, or damage incurred or suffered by me by reason of any such use for any such purpose.

### 4.    Proprietary Information

**4.01**  While I am employed by Institute, and thereafter if my employment terminates, I shall not disclose or make available to any person or organization, or publish, or make use of, or cause to be published or made use of any data, reports, drawings, prints, photographs, films, models, prototypes, or other information or reproductions thereof of a proprietary nature that may be disclosed to or acquired by me in relation to my employment by Institute, regardless of the source or manner of such disclosure or acquisition, except to the extent that I am authorized to do so in connection with the business and affairs of Institute. Furthermore, if my employment with Institute is terminated for any reason, I shall deliver promptly to Institute all such proprietary material in my possession or custody as is in written or other tangible form, whether or not prepared by me, together with all reproductions thereof, and I shall not take or keep the same, or any part of the same, without first obtaining the written permission of Institute's President or his designated representative. In addition, upon termination of my employment by Institute for any reason, I will promptly deliver to Institute all correspondence, drawings, blueprints, manuals, letters, notes, notebooks, reports, flow charts, computer programs, proposals, or any other documents, whether in hard copy or on magnetic media, concerning Institute's sponsors, clients, and other customers, projects, property, or products or processes used by Institute.

### 5.    Miscellaneous

**5.01**  I acknowledge and agree that the Institute requires each of its eligible employees to, and therefore I shall:

(a)    comply with policies and procedures presently in effect or that are subsequently implemented;

(b)    participate in the Institute's mandatory plans and/or programs (present and future, if any), including group insurance, Section 125 Plan, and the Institute's retirement program;

(c)    by written election, participate or decline to participate in voluntary plans or programs;

(d)    participate in direct deposit for the electronic deposit of net pay;

(e)    when directed, participate in rehabilitation programs while receiving benefits under the Institute's long-term disability insurance policy or when directed, participate in the Institute's employee assistance program until released therefrom;

SwRI_000771

(f)     when required, make applicatio. .or personal security clearance from the Un. . States Government.

**5.02** If I elect to participate in the Southwest Research Institute Employees' Health Care Expense Plan (referred to as the "Medical Trust Plan") I understand that all medical information obtained by Institute for its administration of the plan related to me and my enrolled dependent will be kept confidential, and I agree to:

(a)     release to the Medical Trust Plan Trustee my personal medical records.

(b)     release to the Medical Trust Plan Trustee the medical records of my eligible dependent(s), whom I have elected to be covered under the plan.

(c)     accurately complete the claim report form as required under the plan for myself and each enrolled dependent.

**5.03** I hereby consent and agree to the disclosure of the following information by Institute to third parties:

(a)     the fact that I am employed by Institute, or, if my employment with Institute has terminated, the fact that I was so employed.

(b)     my present job title or position, or, if my employment with Institute has terminated, the last job title or position that I held prior to such termination.

(c)     the date I was employed by Institute and the date my employment with Institute terminated, if applicable.

(d)     other information that I have specifically given written authorization to Institute to release.

(e)     information disclosed by Institute pursuant to the lawful requirements or request of a government agency, by court order, or by operation of law.

**5.04** This Agreement shall be construed, and the legal relations between Institute and me determined in accordance with the laws of Texas. The captions herein are intended to be for convenience only and shall not be interpreted as having any substantive meaning.

**6.      Termination**

**6.01** Notwithstanding any prior representations to the contrary, or anything contrary contained in this Agreement, whether specifically or by implication, I acknowledge and agree that my employment with Institute is for an indefinite period and may be terminated by me or by Institute without cause at the expiration of two weeks after giving written notice thereof to the other. I also acknowledge and agree that my employment with Institute may be terminated without prior notice for cause, such as, *by way of example but not by way of limitation*, unsatisfactory job performance, excessive absenteeism, misconduct, insubordination, breach of my employment contract, or other activity judged by Institute to be detrimental to the reputation and operation of Institute. I understand and agree that should I voluntarily terminate my employment with Institute within one (1) year of my date of employment, I shall pay back relocation expenses according to the then current schedule established by Institute.

**6.02** I acknowledge that in order to give full effect to this Agreement, it is necessary that some of the obligations assumed by me hereunder shall survive its termination. Therefore, I agree and I understand Institute also agrees that termination of the Agreement for any reason whatever shall not release any of the obligations under Articles 2, 3, and 4, 5.02, and 5.03 hereof but that each such obligation shall survive such termination and shall continue and be binding on me and my heirs, executors, administrators and assigns, and on Institute, its successors and assigns.

Accepted and Agree to:                         Yours very truly,

SOUTHWEST RESEARCH INSTITUTE

By _____              _Lauson Browning_    9/18/98

Title _Director of Personnel_                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

Date _12/7/98_                               Social Security Number

Form E-8A     Rev 3/98

SwRI_000772

| | |
|---|---|
| To: | EPearcy@CNWRA@SwRl20 |
| | WPatrick@CNWRA@SwI    ) |
| Cc: | |
| Bcc: | |
| From: | BJames@Personel@SwRI68 |
| Subject: | Lauren B. Browning |
| Date: | Monday, August 31, 1998 at 3:29:07 pm CDT |
| Attach: | |
| Certify: | Y |

I made the offer to Lauren on Friday and she said she wanted to think about it. She called back today and asked to questions. She would like an increase in the offer amount. She said she did some research over the weekend now that she knew what the job would entail. She is looking at a range of $64,000 -$70,000. I asked her what would it take for her to consider accepting. She said $65,000 and she is willing to talk about it. She would like for the start date to be extended to December 1, 1998.

I explained to her that I would need to make her request known to the Division and that I would get back with her on your decision.

Please let know decision.

Thanks
Barbara

SwRI_000785

**CLERK'S OFFICE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

# N O T I C E

Browning
_____
**Plaintiff(s)**

§
§  CASE NO. SA05CA245
§

SW Research Institute
_____
**Defendant(s)**

§

**The following material has been filed and assigned these numbers on the docket sheet:**

| Number(s) assigned: | Material | Filing Date |
|---|---|---|
| _____ | **Deposition(s)** | _____ |
| _____ | **Transcripts** | _____ |
| _____ | **Bulky Pleadings** | _____ |
| _____ | **Exhibits** | _____ |
| Exh. G | **Sealed Material** | 3/29/06 |

**THIS NOTICE IS PLACED IN THE FILE
JACKET TO ACCOUNT FOR NUMBERS ASSIGNED
TO MATERIAL FILED IN THIS CASE BUT
NOT FILED IN THE CASE JACKET**



EXHIBIT
G

F:\text\FORMS\Notice.wpd

# CENTER FOR NUCLEAR WASTE REGULATORY ANALYSES

## MEMORANDUM

August 21, 2001

**TO:**      Bill Crumlett

**FROM:**   Wes Patrick

**SUBJECT:**   Response to Department of Labor Audit Question

---

This memorandum documents our response to a question raised with Dr. Budhi Sagar in my absence August 17, 2001. In the course of the ongoing U.S. Department of Labor audit of the Southwest Research Institute (SwRI) Human Resources Department, the auditors commented that the salary of Dr. Lauren Browning is below that of colleagues in Division 20 who are classified as Research Scientists. Following are the bases for the stated difference.

1.   <u>Field of expertise</u>. Dr. Browning has degrees that are different from those of several colleagues who are classified as Research Scientists. Specifically, Farrell and Illman are hydrologists, Necsiou is an expert in remote sensing and computer systems, and Sims is a structural geologist. All three of these areas of expertise are in significantly higher demand than is geochemistry, Dr. Browning's field of expertise. It is noted that the three geochemists in this cohort (i.e., Bertetti, Browning, and Prikryl) all have substantially the same salary.

2.   <u>Years of experience</u>. Dr. Browning has fewer years of experience since first degree than all but two of those in the Research Scientist cohort, both of whom are in the high-demand areas noted above. The others have 2 to 7 more years of experience than Dr. Browning.

3.   <u>Working outside experience base</u>. Unlike others in the Research Scientist cohort, Dr. Browning is working outside her experience base. Prior to joining the Institute, she was engaged in space sciences research, specifically, the study of meteorites. She was hired because of her basic knowledge and ability in geochemical systems, but does not have experience relevant to the work of the division. Her last two salary increases reflect that she is quickly adapting to the new work load, but her previous experience continues to be appropriately discounted because it is not aligned with the work of the division.

Please contact me if there are any further questions on this matter.

h:\patr\persnel\salary.auditQ&A.0801.wpd



EEOC 0272